HERMINE SZATHMARY *vs.* ANN M. ADAMS.

Suffolk.   March 31, 1896. — May 21, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Landlord and Tenant — Action — Personal Injuries.*

An action cannot be maintained for injuries occasioned to a person while standing on a sidewalk by the fall of a window blind from a part of the defendant's building which had been let to a tenant, if, the judge having found as a fact that at the time of the accident the blind was in the exclusive use and control of the tenant, there is nothing in the bill of exceptions to indicate that the finding was erroneous, or to control the presumption of law that it was the duty of the tenant to keep the premises safe for persons passing or standing on the sidewalk below.

TORT, for personal injuries occasioned to the plaintiff by the fall of a window blind upon her. Trial in the Superior Court, without a jury, before *Hammond, J.,* who found that at the time of the accident the blind was in the exclusive use and control of a tenant of the defendant, and found for the defendant. The plaintiff alleged exceptions, the nature of which appears in the opinion.

*P. Tworoger,* for the plaintiff.

*M. Coggan,* for the defendant.

KNOWLTON, J. It is a familiar rule of law, that, in the absence of an express agreement to the contrary, the owner of a tenement let to a tenant is not bound to make repairs upon it during the term, and that the tenant alone is liable to third persons for damages caused by suffering the premises to become dangerous for want of proper repairs. *Kirby* v. *Boylston Market Association,* 14 Gray, 249. *Milford* v. *Holbrook,* 9 Allen, 17, 21. *Clifford* v. *Atlantic Cotton Mills,* 146 Mass. 47.

The plaintiff was injured by the fall of a window blind from a part of the defendant's building which had been let to a tenant. The judge found as a fact that at the time of the accident the blind was in the exclusive use and control of the tenant. There is nothing in the bill of exceptions to indicate that this finding was erroneous, nor to control the presumption of law that it was the duty of the tenant to keep the premises safe for persons passing or standing on the sidewalk below.

*Exceptions overruled.*