LOLA CALABRESA *vs.* ANNA M. LYNCH.

Suffolk. March 7, 1930. — March 24, 1930.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Landlord and Tenant,* Tenant's liability to third person. *Negligence,* Of one owning or occupying real estate, Hyatt light. *Words,* "Store."

At the trial of an action for personal injuries caused by the defective iron frame of a "Hyatt light" in front of a store of the defendant, it appeared that the defendant occupied, under a lease of a "store," one of three stores in a five-story building on a public street in a

city; that the lease required the defendant to make inside and outside repairs "on the premises" and provided that the lessor should not be liable "for any claim or damage arising from the neglect in not removing snow and ice from the roof of the building or from the sidewalks bordering upon the premises." The Hyatt light formed part of the sidewalk in front of the defendant's store and extended in front of the entire building over a part of the cellar. There was no entrance to the cellar from the store of the defendant. The various tenants of the building, including the defendant, "kept different things" in the cellar. At various times the defendant swept the sidewalk in front of his store and cleared it of snow and ice, and he was covered by liability insurance against loss arising from claims, among others, by "persons not employed by the assured while within or upon the premises . . . or upon the sidewalk, ways or premises adjacent thereto." A motion by the defendant for a verdict in his favor was denied. There was a verdict for the plaintiff. *Held,* that

(1) It could not properly have been found that the defendant had control of the iron frame of the Hyatt light, and he therefore was under no duty to keep it in repair;

(2) The evidence did not warrant a finding that the cellar was a part of the "store" covered by the defendant's lease;

(3) Whatever right, if any, the defendant had to occupy the cellar, it was not shown to have been exclusive so as to give him control;

(4) The sidewalk was not part of the "premises" let, and was not covered by the requirement that the defendant make outside repairs;

(5) The agreement as to the removal of snow and ice was not broad enough to give him control, in other respects, of the iron frame of the "Hyatt light";

(6) The defendant's liability insurance against loss arising from claims by persons on the sidewalk had ample scope for operation apart from liability for defects in the iron frame, and was not evidence of an admission of responsibility as to that frame;

(7) The fact that the defendant swept the sidewalk and cleared it of snow was not evidence of such responsibility;

(8) A verdict should have been ordered for the defendant.

TORT for personal injuries received on April 5, 1925. Writ dated February 1, 1927.

In the Superior Court, the action was tried before *T. J. Hammond,* J. Material evidence is stated in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in her favor. The motion was denied. There was a verdict for the plaintiff in the sum of $1,500. The defendant alleged exceptions.

*J. J. Curran,* for the defendant.

*G. I. Cohen,* for the plaintiff.

FIELD, J. In this action of tort for personal injuries,

alleged to have resulted from a defect in the iron frame of a "Hyatt Light" forming part of the sidewalk in front of a store occupied by the defendant, the defendant's motion for a directed verdict was denied, there was a verdict for the plaintiff and the defendant excepted.

A verdict for the defendant should have been directed since a finding that she was responsible for the alleged defect was not warranted by the evidence.

There was evidence that the defendant was the lessee under a written lease and the occupier of the "store" numbered 171 Hanover Street in the city of Boston which was one of three on that street in a five-story building leased to the defendant's lessor, and that she was required by her lease to make inside and outside repairs "on the premises" and agreed therein that the lessor should not be liable "for any claim or damage arising from the neglect in not removing snow and ice from the roof of the building or from the sidewalks bordering upon the premises." There was evidence that the "Hyatt Light" space was a part of the sidewalk and extended in front of the entire building for the width of from two and one half to three feet over a part of the cellar; that one step led from the sidewalk into the store and there was no other entrance thereto; that "no other tenant had any access to the store . . . which is occupied exclusively by the defendant"; that there was no entrance to the cellar from the defendant's store, and that the cellar, except for a small portion in the rear, partitioned off and used by another tenant, was "a great big open space" where "different tenants kept different things." There was testimony that the defendant "had the use of the cellar" and that boxes, marked with her name, were seen in the cellar, but no testimony as to how they got there or that the defendant or her employees ever were seen there. There was testimony also that at different times she swept the sidewalk in front of her store and cleaned it of snow and ice. It was agreed by the parties at the trial that the defendant was covered by liability insurance against loss arising from claims, among others, by "persons not employed by the assured while within or upon the premises . . . or upon the sidewalk, ways or premises adjacent thereto," with exceptions not here material.

The defendant was not responsible to the plaintiff for the defect unless she had control of the iron frame and consequently, as to the public, was under the duty of keeping it in repair. *Cunningham* v. *Cambridge Savings Bank,* 138 Mass. 480, 481. *Grasselli Dyestuff Corp.* v. *John Campbell & Co.* 259 Mass. 103, 108. *Kelley* v. *Rubin,* 259 Mass. 379. It could not have been found that she had such control. Her lease, unlike that in *Boston* v. *Gray,* 144 Mass. 53, and that in *Kelley* v. *Rubin, supra,* did not in terms cover anything but the "store," and the evidence did not warrant a finding that the cellar was a part of the "store." See *Raynes* v. *Stevens,* 219 Mass. 556, 557. (The "store" was not the entire structure as in *Hooper* v. *Farnsworth,* 128 Mass. 487.) Whatever right, if any, the defendant had to occupy the cellar, it was not shown that it was exclusive so as to give her control. See *Shipley* v. *Fifty Associates,* 106 Mass. 194, 200; *Larue* v. *Farren Hotel Co.* 116 Mass. 67; *Flanagan* v. *Welch,* 220 Mass. 186, 191, 193. It could have been found that the iron frame was a part of the cellar (*Boston* v. *Gray, supra*), but not that it was a part of the "store." The defendant's agreement to make outside repairs did not apply to premises not covered by the lease, and her agreement as to the removal of snow and ice was not broad enough to give her control, in other respects, of the iron frame of the "Hyatt Light," under the doctrine of *Wixon* v. *Bruce,* 187 Mass. 232. Since the defendant's liability insurance against loss arising from claims by persons on the sidewalk had ample scope for operation apart from liability for defects in the iron frame, the case is distinguishable from *Perkins* v. *Rice,* 187 Mass. 28, in that the existence of such insurance was not evidence, as an admission by her or otherwise, that she had control of the iron frame. See *Enman* v. *Trustees of Boston University,* 270 Mass. 299. Nor was the fact that she swept the sidewalk and cleaned it of snow and ice evidence of such control. No question arises upon the record as to the defendant's liability to an invited person entering or leaving her "store."

It follows that the exceptions must be sustained and judgment for the defendant entered under G. L. c. 231, § 122.

*So ordered.*