MIKEL WIERZBICKI, administrator, *vs.* ELIZABETH M. THACHER & another.

Suffolk.    October 9, 1930. — November 26, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Landlord and Tenant,* Landlord's liability to third person, Repairs. *Actionable Tort. Contract,* What constitutes. *Evidence,* Competency.

At the trial of an action of tort for personal injuries received in November, 1925, by a customer of a tenant at will in a building of the defendant from a fall on a defective step of a private stairway in the building leading solely to premises occupied by the tenant, there was evidence that such tenant began occupying the premises in 1916 as a tenant at will under a tenant for life. There was no evidence as to the condition of the step at that time. The life tenancy ended in August, 1925. There was evidence that, two or three years before the accident to the plaintiff, the tenant at will had called the condition of the step to the attention of one who then represented the tenant for life and afterwards represented the defendant; that he did so again about a month before the accident and said that he would have to move unless it was repaired; that a repair was made; that the step again became out of repair and the tenant again called attention to its condition, and that, before it again was repaired, the plaintiff was injured. A verdict was ordered for the defendant. *Held,* that
    (1) The tenant took the premises as he found them;
    (2) There was no evidence warranting a finding that the defendant had made a contract to repair the step;
    (3) An offer of evidence that, several years previous to the injury, the then landlord through the same agent who later represented the defendant had offered to make certain repairs if the tenant would pay an increased rent, properly was excluded, it not appearing that the tenant had paid such increased rent;
    (4) Even if it appeared that there was an agreement to repair and that repairs were needed, and that there was an omission to repair, the plaintiff's right of action would be in contract and not in tort;
    (5) The verdict properly was ordered.

Tort for personal injuries suffered by Andrew Jankie-lawicz, the plaintiff's intestate, a customer of a tenant of the defendants. Writ dated April 16, 1929.

In the Superior Court, the action was tried before *Dona-hue,* J. Material evidence is stated in the opinion. There was no evidence as to the condition of the step upon which the plaintiff fell at the time when, in 1916, Lanski first became a tenant of the premises under the defendants' predecessors' title. At the close of the plaintiff's evidence, the judge ordered a verdict for the defendants. The plaintiff alleged exceptions.

*L. Bean, Jr.,* for the plaintiff.

*G. S. Lowden,* for the defendants.

Pierce, J. This is an action of tort for personal injuries sustained by the plaintiff's intestate, while on a private stairway in the premises owned by the defendants and occupied by one Lanski as a tenant at will. At the close of the evidence, the defendants presented a motion for a directed verdict. The motion was allowed and a verdict was directed for the defendants. The case is before this court on the plaintiff's exceptions to that ruling and direction.

The material facts shown by the bill of exceptions which are most favorable to the plaintiff are as follows: On November 3, 1925, the day of the accident to the plaintiff, one Lanski, a tailor, was in occupation of all the rooms on the second and third floors of a three-story building, as a tenant at will, and had occupied those premises as such a tenant since 1916. The life tenancy of the landlord of Lanski terminated in August, 1925, and subsequent to that time Lanski continued to occupy the same premises as a tenant at will of the defendants, who were the remaindermen, upon the same terms as he had occupied them under the life tenant. During the entire time of his occupancy of the premises he paid the rent to one Harwood, who had charge of them as a representative of the tenant for life and after the termination of the life tenancy had charge of the property as the representative of the remaindermen. Two or three years prior to November 3, 1925, Lanski brought the attention of Harwood to the condition of the steps

leading from the tailor shop to the street entry, and about a month prior to the accident brought his attention to a step where the plaintiff was alleged to have fallen. The step shown " was split and cracked "; the crack ran almost the entire length of the step; the tread was about twelve inches wide, and when stepped on would tip. Lanski told Harwood that the step was in need of repair, that he would have to move because of its dangerous condition, and Harwood said, " All right, I will send somebody to fix it up." Later, about two weeks before the accident, a man came and fixed it up by nailing the broken step together. It " was all right for a while, but about a week previous to the accident . . . the step once again became loose and . . . [Lanski] called " the condition of it to Harwood's attention. Harwood said he was going to put in a new step. The plaintiff fell on the step before any repairs on it were made.

On the above facts it is plain Lanski took the premises as he found them, and his landlord, the tenant for life, was under no obligation to repair them. *Kearines* v. *Cullen,* 183 Mass. 298. *Mackey* v. *Lonergan,* 221 Mass. 296. During the tenancy under the life tenant or the defendants there was no new express agreement as to the terms of the tenancy; and no contract to make needed repairs, with or without notice of such need, could be implied from the mere fact that repair of the defective step was made so that " it was all right for a while," because of the statement of Lanski " that he would have to move because of the dangerous condition of the step since somebody was liable to fall on it."

The plaintiff's offer of proof that Lanski would testify " that three or four years prior to December or November 3, 1925, he told Harwood that he was going to leave the premises because they were so out of repair," and that Harwood said " that if he would agree to the raise of the rent from $17, which he had paid, $17 per month, to $20 a month, and if Lanski would agree to pay the rent he would put the premises in good repair and if at any time thereafter repairs were needed if Lanski would call it to Har-

wood's attention that Harwood would make all necessary repairs" was refused rightly because the offer did not go far enough to warrant a finding that the rent was raised to $20 a month because of the alleged agreement or that Lanski ever agreed to pay $20 a month. If it be assumed there was an agreement to repair, that repairs were needed, that repairs were not made negligently but that there was an omission to repair, the case presents a right of action for breach of contract and not for an action of tort. *Tuttle* v. *George H. Gilbert Manuf. Co.* 145 Mass. 169. *Fiorntino* v. *Mason,* 233 Mass. 451. The plaintiff's rights sound in tort and on the facts here shown he had no right to be subrogated to the contractural rights of Lanski, if Lanski had such, against the defendants to avoid circuity of action. See *Lowell* v. *Spaulding,* 4 Cush. 277.

*Exceptions overruled.*