NELSIE SALSMAN *vs.* MAX FRISCH.

Essex.    April 10, 1931. — June 25, 1931.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Landlord and Tenant,* Repairs, Defective step.  *Negligence,* Of one owning
or controlling real estate.  *Evidence,* Admissions.

At the trial of an action of tort against the owner of a house divided into
two parts, each part having a separate entrance, for personal injuries
sustained in a fall upon a defective step at the entrance of one of the
parts which the defendant had rented, a verdict properly was ordered
for the defendant where it was not shown that he undertook direct
and initial responsibility to repair the steps, his obligation being at
most to repair upon notice of a defect.

Evidence, at the trial above described, that the defendant had a blanket
policy of liability insurance covering such building and other buildings,
did not support an inference of an admission of liability.

TORT.    Writ dated July 3, 1929.

The action was tried in the Superior Court before *Lum-
mus,* J.  Material evidence is stated in the opinion.  The
judge ordered a verdict for the defendant, and reported the
action for determination by this court.

*T. B. Yeakley,* (*S. H. Hollis* with him,) for the plaintiff.
*C. C. Petersen,* for the defendant.

WAIT, J.  The defendant was the owner of a double
house, one half of which he rented to a Mrs. Chaplin who
occupied it with her lodgers.  The house was divided by
an up and down partition through the middle.  The door-
ways of the halves were at either end of the double build-
ing.  The separate doorways and steps leading to them
were from twenty to thirty feet apart.  The plaintiff, a
lodger of Mrs. Chaplin, fell on the stairs entering her half,
owing to a defective step, and was injured.  She sues the
defendant.

There was evidence that Mrs. Chaplin in hiring the prem-
ises spoke with a son of the defendant who told her he
would keep the premises in good repair, and that all she

had to do was to notify him if anything needed repair. He took her to his father and she became his tenant. Both father and son testified that the son had no authority to contract or to let property on the defendant's behalf. She paid the rent to the son, who was accustomed to show premises to prospective tenants and to make repairs on his father's properties. The defendant testified that he felt that he was not obliged to ask permission of his tenants to make outside repairs. He also testified that he personally rented the premises to Mrs. Chaplin and made no agreement about repairs. If he noticed a need for repairs, or was notified repairs were needed, he tried to make them as soon as possible. He had a blanket policy of liability insurance covering this building and other buildings. There was testimony that the plaintiff noticed the defective step about two weeks before her fall and called Mrs. Chaplin's attention to it; that when she paid the rent, Mrs. Chaplin notified the defendant's son of it and he promised to repair it. Mrs. Chaplin moved away from the premises three or four weeks after the accident. The plaintiff testified that about three weeks after the accident she saw some one fixing the stairs. The defendant's son denied any talk of making repairs on the steps and any notice of need of repairs. None were made before the accident.

The defendant rested at the close of the plaintiff's evidence; a verdict for the defendant was directed; and the judge reported the case on the stipulation that if the cause should have been submitted to the jury judgment in a stated sum should be entered for the plaintiff, otherwise judgment should be entered on the verdict; in either case without costs.

The verdict was directed properly. There was no sufficient evidence to show liability on the defendant's part to make repairs. The case is controlled by the decision in *Fiorntino* v. *Mason*, 233 Mass. 451, where the applicable law is fully stated. Here, as there, the plaintiff failed to show that the defendant undertook "direct and initial responsibility for the condition of the premises as to safety at all times" (page 454). At most, the obligation was to

repair upon notice, which carries no liability in tort. *Wierz-bicki* v. *Thacher*, 273 Mass. 346, 349, and cases cited. The evidence of liability insurance, absent in *Fiorntino* v. *Mason,* does not take the case out from that decision. Such a blanket policy does not support an inference of an admission of liability. *Calabresa* v. *Lynch*, 271 Mass. 58. *Enman* v. *Trustees of Boston University*, 270 Mass. 299. It differs essentially from the policy of elevator insurance held to have been improperly excluded in *Perkins* v. *Rice*, 187 Mass. 28.

The case is also well within the authority of *Kearines* v. *Cullen*, 183 Mass. 298. *Gray* v. *Boston, Revere Beach & Lynn Railroad*, 261 Mass. 479, and *Cunningham* v. *Cambridge Savings Bank*, 138 Mass. 480, cited by the plaintiff, are not controlling. There is no such evidence of retention of control by the owner as in *Shipley* v. *Fifty Associates,* 101 Mass. 251, *Shawmut National Bank* v. *Boston*, 118 Mass. 125, and *Raynes* v. *Stevens*, 219 Mass. 556, on which the plaintiff relies.

*Judgment on the verdict without costs.*