JOHN S. ANDERSON *vs.* SAMUEL KOPELMAN & another.

Suffolk. December 9, 1931. — May 18, 1932.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Nuisance. Awning. Landlord and Tenant,* What constitute premises let, Liability for nuisance. *Municipal Corporations,* By-laws and ordinances.

An awning extending over but less than six feet and one inch above the surface of a public sidewalk in violation of a municipal ordinance requiring that such an awning should be at its lowest part at least seven feet and six inches above the sidewalk, is a nuisance.

In the absence of an agreement to the contrary, an awning and a sup-

porting frame and a mechanism used in raising and lowering it, attached to the outer wall of a store let to a tenant at will, are appurtenant to and a part of the premises let.

Where, at the trial of an action of tort against the owner of a building for personal injuries sustained by a pedestrian on the sidewalk because of contact with an awning which in the circumstances was a nuisance, there was no evidence warranting an inference that the injury to the plaintiff was due to any defect in the iron framework itself or in its operation, but the single inference was warranted that the accident was attributable to the lowering of the awning below the height required by a municipal ordinance for safety; and it appeared that the awning was a part of the premises when let, that the tenant always maintained and cared for it, that the defendant at no time during the tenancy, which extended over a period of years, had exercised any supervision over its maintenance or repair or use, and that it might have been so maintained that it would not have been a nuisance, a ruling that the defendant was not liable was proper.

TORT for personal injuries. Writ dated May 19, 1930.

In the Superior Court, the action was heard by *Weed,* J., without a jury. Material facts found and rulings made by him are stated in the opinion. He found for the defendants and reported the action for determination by this court.

*J. C. Johnston,* for the plaintiff.

*F. B. Turner,* (*J. Harvey* with him,) for the defendants.

PIERCE, J. This is an action of tort to recover damages for personal injuries sustained by the plaintiff while travelling on Blue Hill Avenue, Boston, on April 27, 1930. The case was heard without a jury in the Superior Court and, after a finding for the defendants, is before this court at the request of the plaintiff. The material facts disclosed by the report, shortly stated, are as follows: The defendants acquired title to a block of stores in 1922. Since 1924 the store numbered 1150 in said block has been occupied by Max Berger as a meat market. At the outset he was a tenant at will. In 1927 he was given a lease for one year of the "store and basement." Since the expiration of the lease he has continued in possession as tenant at will. "When the defendant[s] acquired title, there was an awning across the front of the store. This awning was so installed and equipped that when dropped over the sidewalk and the ends of the supporting iron frame secured in their

proper places, the frame would be horizontal and have a clearance above the sidewalk of over seven feet and six inches. When folded against the building, the awning and its iron frame projected perhaps an inch or so over the sidewalk and the lower end of the frame and the sockets and sleeves by which they were attached to two upright rods two feet and eight inches long, on which the sleeves travel, were about five feet and four inches above the sidewalk. After Berger became tenant he maintained and cared for the awning, recovering it and renewing the tackle and pulleys when necessary. The defendant[s] exercised at no time during Berger's tenancy any supervision or direction over the maintenance of the awning or its repair and use."

The ordinances of the city of Boston, in force when the defendants acquired title and since, provide: "14. No awning, which is made to roll over a framework of iron or other material or to fold close to or against a building, shall be erected or maintained over a highway unless its lowest part is at least seven feet six inches above the sidewalk. Such awning and all of its cloth parts shall, unless otherwise ordered by the Board, be kept rolled or folded against the building, except at such times as the sun shines on the part of the building on which the awning is placed; provided, however, that this shall not apply on Sundays or holidays or to such business places as are closed for a Saturday holiday; and no cloth parts except such as may be rolled or folded against the building shall be attached to such awning or framework. Special permits may be issued for the lowering of awnings over street stands to protect fruit or other perishable produce during storms. 17. Petitions for permits for signs, advertising devices, marquees, awnings and other structures shall, if the Board so orders, be accompanied by detailed plans, made to a scale, showing the character of the construction of the same. Permits may be granted for not more than one year and must be renewed on expiration or within thirty days thereafter. A renewal may be made without the filing of additional plans, provided that the applicant certifies to the Board that there has been no change in the conditions under which the permit

was first granted." "Before Berger became tenant the defendant[s] did not secure, nor . . . [have they] since secured, or caused to be secured a permit for this awning. In 1924 Berger obtained a permit, and it was renewed in 1925, but it has not been renewed meantime, and no such permit was in force in 1930, or at the time of the renting to Berger."

The circumstances attendant upon the accident are described in the report, in substance, as follows: On Sunday evening, April 27, 1930, the plaintiff was walking on the sidewalk which passes 1150 Blue Hill Avenue. He paused to look into a store window. Hearing himself called by members of his family who were ahead of him, he approached the store numbered 1150. The awning was extended over the sidewalk. The plaintiff is six feet and one inch tall. As he reached the awning, noticing its height, he "ducked" his head but his forehead came in contact with the arm of the awning frame which had been concealed from him by the apron of the awning, and he was injured.

From the evidence before him the judge drew the reasonable inference that when the awning was dropped over the sidewalk the ends of the frame either were not pulled up to the full height permitted by the mechanism, or were not fastened securely and had so slipped down that the awning and its iron frame at the time of the accident did not have a clearance of seven feet and six inches above the sidewalk, as required by the ordinance. He found that no evidence was offered to show how the awning came to be in the position it was in at the time of the accident, nor to show that the defendants or their agent was directly responsible for the position that the awning was in at the time of the accident.

Upon all the evidence the judge found and ruled that the awning at the time of the accident constituted a nuisance irrespective of the absence of any permit, because not maintained at the height required by the ordinance, and that this failure to observe the requirement of the ordinance was the proximate cause of the plaintiff's injury. He found that the plaintiff did not by his own neg-

·ligence contribute to his injury. Upon all the evidence he further found and ruled that the awning and its supporting frame and mechanism were appurtenant to and a part of the premises rented by the defendants to Berger, that the premises including the awning might have been used by the tenant for the purposes for which they were hired without becoming a nuisance, and that the defendants are not liable for the acts or negligence or omissions of the tenant which created the nuisance because of which the plaintiff suffered his injury.

The plaintiff filed seasonably nine requests for rulings. The following were refused: (3) "If it appears that the defendants rented the store numbered 1150 on Blue Hill Avenue aforesaid which was a part of a block of several stores owned by the defendants, the defendants retained the control of the outer walls"; (4) "If the defendants allowed the awning to be maintained upon the outer walls of the premises numbered 1150 on Blue Hill Avenue aforesaid without a permit from the lawful authorities, they are liable for any injuries to travellers upon the highway in front of said premises resulting from the maintenance or continuance of said nuisance"; (5) "If it appears that at the time the defendants rented the premises numbered 1150 on Blue Hill Avenue, Boston, said awning was upon the outer wall thereof overhanging the public street without a permit from the lawful authorities, then the defendants cannot escape responsibility for injuries resulting from the existence of said nuisance although on one or more occasions between the time of the renting and the present time a permit to maintain the awning was duly issued, if at the time of the injury complained of and for several years prior thereto there was no permit for the maintenance of said awning"; (7) "If the defendants created, maintained, continued or permitted the awning to remain upon the outside walls of the premises numbered 1150 on Blue Hill Avenue, Boston, without a permit having been obtained therefor, even though the defendants received no notice to remove the same, this would constitute negligence upon their part"; (8) "There was negligence on the part of the

defendants in maintaining or continuing the awning on the outside wall of their building at 1150 Blue Hill Avenue, Boston''; and (9) ''If the awning constituted a public nuisance prior to the creation of the tenancy even though the premises upon which it existed were leased to Berger, the defendants cannot escape liability for injuries resulting from the nuisance.'' The plaintiff excepted to the refusal of the judge to grant these requests. He further excepted ''to the ruling 'that the awning at the time of the accident constituted a nuisance irrespective of the absence of any permit, because not maintained at the height required by the ordinance, and that this failure to observe the requirement of the ordinance was the proximate cause of the plaintiff's injury,' and also to the ruling 'that upon all the evidence the court finds and rules that the awning and its supporting frame and mechanism were appurtenant. to and a part of the premises rented by the defendant[s] to Berger, that the premises including the awning might have been used by the tenant for the purposes for which they were hired without becoming a nuisance, and that the defendant[s] . . . [are] not liable for the acts or negligence or omissions of the tenant which created the nuisance because of which the plaintiff suffered his injury.' ''

Upon the facts reported, the finding and ruling that the awning in the position it occupied at the time of the accident to the plaintiff constituted a nuisance was clearly right, because the awning was constructed over the sidewalk and was not maintained at the height required by the ordinance. In the conditions disclosed by the report, it would seem that the awning in the position it was in at the time of the accident was a nuisance irrespective of the absence of a permit, because its presence was an interference with a right common to all travellers to use the sidewalk. The absence of a permit was a mere condition, an attendant circumstance, and not a cause of the plaintiff's injury.

On the reported facts the judge was clearly right in ruling that the awning and supporting frame and mechanism were appurtenant to and a part of the premises rented by the defendants. The renting or leasing of a part of a building

*prima facie* passes the control of the outer walls adjacent thereto to the tenant with the incidental right to use the outside of the outer walls for the support of awnings and signs in a manner which is consistent with the presumed intention of the lessor. *Lowell* v. *Strahan*, 145 Mass. 1, 11. The facts found establish that the defendants were the owners of the building; that the awning was appurtenant to the premises rented to Berger; that Berger became a tenant of the defendants in 1924; that after that time Berger maintained and cared for the awning, recovering it and renewing the tackle and pulleys when necessary; and that the defendants exercised at no time during Berger's tenancy any supervision or direction over the maintenance of the awning or its repair and use. The reported facts would not warrant the inference that the injury to the plaintiff was due to any defect in the iron framework itself, or in its operation, but would warrant the single inference that the accident was attributable to the lowering of the awning below the height required for safety, which was a matter under the entire control of Berger or of his agent or servant. It is a general rule that a landlord is not liable to strangers for the consequences to a plaintiff of a nuisance in connection with the building in the possession and control of his tenant, unless the nuisance occasioning the injury existed at the time the premises were demised or the structure was in such condition that it would be likely to become a nuisance in the ordinary and reasonable use of the same. As was said, by Sheldon, J., in *Coman* v. *Alles*, 198 Mass. 99, 103, ". . . if the premises can be used by the tenant in the manner intended by the landlord without becoming a nuisance, then the landlord is not liable for any nuisance created by an act of omission or of commission, done by the tenant . . . after he has entered into possession." We are of opinion that the requests were refused rightly and that judgment should be entered for the defendants.

*So ordered.*