WILLIAM FRIZZELL *vs.* METROPOLITAN COAL COMPANY.

Suffolk.    May 12, 1937. — September 16, 1937.

Present: RUGG, C.J., CROSBY, DONAHUE, LUMMUS, & QUA, JJ.

*Negligence,* One owning or controlling real estate. *Nuisance. Landlord and Tenant.* Liability for nuisance.

A mortgagee of real estate, who, after default by the mortgagor, entered into negotiations looking to his taking a conveyance of the premises and giving back a lease of them to the mortgagor, properly could be found not in control of the premises nor liable for a defective condition of the roof of a building thereon which was blown off and damaged property on adjoining land before consummation of the transaction by delivery of the necessary deed and lease, although the final papers were dated as of a time previous to the accident and rent was accepted purporting to be for a period before the accident.

TORT. Writ in the Municipal Court of the City of Boston dated August 7, 1934.

The action was heard by *Adlow*, J., who found for the defendant. A report to the Appellate Division was ordered dismissed. The plaintiff appealed.

*G. M. Poland,* (*E. M. Poland & B. Saunders* with him,) for the plaintiff.

*E. P. Carver, Jr.,* for the defendant.

QUA, J. This action is in tort for damage to the plaintiff's schooner-yacht, sustained on February 20, 1934, while the yacht was hauled out in a boat yard in East Boston, and caused by the blowing off of the roof of a building on premises immediately adjacent to the boat yard.

The defendant conceded that the roof was defective and that the finding should be for the plaintiff, if the defendant's relation to the premises when the roof was blown off was such as to make it liable for their condition.

The decisive facts bearing upon the relation of the defendant to the premises from which the roof was blown, as established by the report, are these: In 1925 the defendant had conveyed those premises to the Whitman Wharf and Storage Company and had taken back a mortgage thereon for $25,000. Thereafter the Whitman Wharf and Storage Company occupied the place as a lumber yard and made, without a building permit and in violation of law, substantial alterations in the roof, which were "a material factor in the blowing off of the roof." During January, 1934, the principal of the mortgage being overdue and the interest in default, negotiations were had between the Whitman Wharf and Storage Company and the defendant, looking toward a reconveyance of the property to the defendant, in order to avoid the expense of a foreclosure, and the giving of a lease by the defendant to the Whitman company dating from January 1. Negotiations seem to have been in large part concluded by February 8, and on that day a deed was executed to the defendant, but not then delivered. Delay was caused by the necessity of securing authority from the proper officers of the defendant for the execution of the papers. The transaction was finally completed, and

the deed and lease were delivered on February 28. At that time one Whitman delivered to the defendant, and the defendant accepted, a check bearing the words, "Rent for January, 1934," and another check bearing the words, "February payment." The lease as executed was dated the "28th day of February, 1934, as of February 1, 1934," and named as lessee Frank E. Whitman personally and not Whitman Wharf and Storage Company. There was no change in the occupation of the premises.

The trial judge expressly found that the "defendant was not in possession or control on February 20, 1934," the date of the damage; that the defendant did not then have title; and that there was no tenancy at that time.

It is elementary that liability for damage caused by the condition of premises commonly depends upon control of the offending instrumentality, either through ownership or otherwise. *Kirby* v. *Boylston Market Association*, 14 Gray, 249. *Clifford* v. *Atlantic Cotton Mills*, 146 Mass. 47. *Ainsworth* v. *Lakin*, 180 Mass. 397. *Curry* v. *Dorr*, 210 Mass. 430. *Woodman* v. *Shepard*, 238 Mass. 196, 199. *Moss* v. *Grove Hall Savings Bank*, 290 Mass. 520. And it is plain on the findings that the defendant in fact had no control at the time of the injury.

But the plaintiff contends, if we understand him rightly, that the defendant by executing the lease dating from February first and by accepting "rent" for January and for February ratified the negotiations which had taken place before the date when the damage was done and recognized that Frank E. Whitman was its tenant during the entire month of February. He contends that this renders the defendant liable, even though it had in fact neither possession nor control on February 20, on the theory that it must now be deemed in law to have let the premises before February 20 with a nuisance upon them which it ought to have known would continue and which caused the damage. *Dalay* v. *Savage*, 145 Mass. 38. *Maloney* v. *Hayes*, 206 Mass. 1. *Garland* v. *Stetson*, 292 Mass. 95, 103. Compare *Lufkin* v. *Zane*, 157 Mass. 117.

This contention is not sound. The duty of the defendant

toward the plaintiff is to be determined as in other cases by the facts as they were at the time of the damage and not by reference to subsequent transactions between the defendant and third parties. There was nothing in the antedating of the new lease from February 28, when it took effect, back to February 1, or in the acceptance of rent for January and February, which thereupon created a new cause of action in favor of the plaintiff against the defendant for matters in the past for which the defendant was in no way at fault and of which, so far as appears, the defendant had no knowledge. There is no room here for the application of the principle of *Dempsey* v. *Chambers*, 154 Mass. 330, by which subsequent ratification of the employment of an agent renders the ratifier liable to third persons for negligence of the agent while purporting to act in his behalf. Here no one purporting to act for the defendant was negligent. At no time did the defendant or anyone purporting to act for it create, maintain or adopt a nuisance. At no time did the defendant let premises with a nuisance upon them. It does not even appear that anyone acting or purporting to act as the defendant's agent attempted to make a contract for a lease to take effect as a finality before the papers were passed on February 28. The evidence does not require a finding that all the terms had been agreed upon before that date.

It is unnecessary to deal with the plaintiff's requests for rulings in detail. What has been said disposes of all questions reported.

As the defendant's relation to the premises when the roof was blown off was not such as to make it liable for their condition, there was no error in finding for the defendant.

*Order dismissing report affirmed.*