WALTER F. SHEPARD *vs.* WORCESTER COUNTY INSTITUTION
FOR SAVINGS.

Worcester.    April 6, 1939. — October 27, 1939.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Negligence,* One owning or controlling real estate. *Landlord and Tenant,*
Landlord's liability to third person. *Evidence,* Admissions. *Practice,*
*Civil,* Exceptions: allowance and establishment, contents of bill.

Without evidence that fencing, wholly ornamental, affixed to the wall of
a building at an upper floor was in control of the owner of the building
rather than in that of a tenant of that floor, the owner was not liable
for injuries sustained by one upon whom the railing of the fencing fell
while he was standing on adjacent property.

The mere fact that the owner of a building replaced ornamental fencing
which fell off the outside wall was not an admission by him that the
fencing had been in his control rather than in that of a tenant.

An exception to an interlocutory order made, before trial of an action, by
a judge other than the trial judge could not properly be incorporated
in a bill of exceptions allowed by the trial judge.

TORT.    Writ in the Superior Court dated February 7,
1935.

There was a verdict for the plaintiff in the sum of $1,200
at the trial before *Giles,* J.

*D. E. Swartz,* for the plaintiff.

*E. J. Sullivan,* for the defendant.

RONAN, J.    The plaintiff, while upon property adjoining
that of the defendant, was struck by a piazza railing, about
six feet in length, which came from the third floor piazza
of the defendant's property.    The case was referred to an
auditor whose findings were not to be final.    In the Superior
Court, the jury specifically found that the railing was in
control of the defendant and returned a verdict for the plain-
tiff.    Under leave reserved, the judge granted, subject to the
plaintiff's exception, the motion of the defendant for the
entry of a verdict in its favor.

Attached to the rear of the building in question are wooden
piazzas, extending partially along its width, one for each of

the two upper stories and located one over the other. They are supported by wooden upright beams and are covered at the top by a roof which is an extension of the roof of the main building. A stairway leads from the yard to each of these piazzas. The flooring of the third floor piazza extends from the landing of the stairway to the easterly end of this piazza, and there is no floor between this landing and the westerly end of the piazza. Each piazza is enclosed by a wooden fence which extends across the entire width of the building. The fence at the westerly end of the third piazza was six feet in length and consisted of two horizontal rails to which were attached fourteen pickets. This fence ran from the corner upright beam to the rear wall of the building. It was located about thirty feet from the ground and was not accessible from the stairways, landings or the third-story piazza.

At about midnight on October 9, 1934, the plaintiff, while standing upon the premises of an adjoining owner and a few feet north of the defendant's premises, heard a noise. He looked up and raised his hand to protect himself from the railing, which fell against a fire escape upon the adjacent property and then struck him.

There was evidence that the second and third floors of the defendant's building had been occupied by the same tenant for eleven years, and that she paid rent to the defendant. Nothing more appears than that the tenant occupied the premises at a fixed rental. In such circumstances, it cannot be assumed that the landlord was bound to make any repairs upon that portion of the premises included within the letting. *McKeon* v. *Cutter*, 156 Mass. 296. *Szathmary* v. *Adams*, 166 Mass. 145. *Kearines* v. *Cullen*, 183 Mass. 298. *Fiorntino* v. *Mason*, 233 Mass. 451. *Wurm* v. *Allen Cadillac Co.* 301 Mass. 413.

The railing in question was located upon the third-floor piazza. The tenant had the exclusive use and enjoyment of both of the upper floors and this included the control of the outer walls adjacent to each of these two floors and the right to make use of such portions of the walls as were incidental to the purpose for which the premises were occupied.

*Lowell* v. *Strahan,* 145 Mass. 1.  *Whitehouse* v. *Aiken,* 190 Mass. 468.  *Conahan* v. *Fisher,* 233 Mass. 234.  *Leominster Fuel Co.* v. *Scanlon,* 243 Mass. 126.  *Anderson* v. *Kopelman,* 279 Mass. 140.  *Levin* v. *Rose,* 302 Mass. 378.

The railing was apparently erected to improve the appearance of the property.  It was not necessary to the stability or strength of the structure or to the safety or convenience of the tenant.  Its sole purpose was ornamental.  It was available to the tenant for such use as its location might permit in connection with the tenant's business.  It was not and could not be used by the landlord in conjunction with any portion of the property that remained in its supervision and control.  Its location, design and purpose limited its use to the demised premises.  It is settled that, in the absence of any agreement to the contrary, the person who occupies premises, and not the owner, is liable for failure to keep them reasonably safe so that travellers upon the highway will not be injured.  *Lowell* v. *Spaulding,* 4 Cush. 277. *Oakham* v. *Holbrook,* 11 Cush. 299.  *Clifford* v. *Atlantic Cotton Mills,* 146 Mass. 47.  *Szathmary* v. *Adams,* 166 Mass. 145.  *Munroe* v. *Carlisle,* 176 Mass. 199.  *Neas* v. *Lowell,* 193 Mass. 441.  *Clapp* v. *Donaldson,* 195 Mass. 39.  *Conahan* v. *Fisher,* 233 Mass. 234.

The case is distinguishable from cases in which the landlord retained control of a piazza used in common by various tenants, or where it was utilized by the landlord in assisting him in maintaining in reasonably safe condition such portions of the property as the roof, eaves, and conductors, which are commonly in the charge of the owner, especially where different portions are occupied by different tenants. *Conroy* v. *Maxwell,* 248 Mass. 92.  *Sullivan* v. *Northridge,* 250 Mass. 270.  *Sordillo* v. *Fradkin,* 282 Mass. 255.

The fact that the railing was replaced after the accident by the defendant cannot be construed as an admission of the defendant's liability.  There is no evidence that it made any repairs upon the demised premises during the eleven years they were occupied by the present tenant or that it was ever requested to do so.  This is not a case where there is a conflict in the evidence as to whether the obligation to

repair was assumed by the owner, but is one where there is no evidence indicating such an obligation. The replacement of the railing was a voluntary undertaking by the defendant and is insufficient to prove that the railing was in its control at the time of the accident. *Kearines* v. *Cullen,* 183 Mass. 298. *Galvin* v. *Beals,* 187 Mass. 250. *Phelan* v. *Fitzpatrick,* 188 Mass. 237. *Coman* v. *Alles,* 198 Mass. 99. *Hannaford* v. *Kinne,* 199 Mass. 63. *Wierzbicki* v. *Thacher,* 273 Mass. 346.

The auditor found that the railing "was a part of the rented premises and incidental to the tenancy and that it was not under the control of the defendant." This conclusion, as stated in the report, was based upon the subsidiary findings set forth in the report. These findings are consistent with each other and would not warrant a conclusion other than the one therein reached. *Brooks* v. *Davis,* 294 Mass. 236. *Savin* v. *Block,* 297 Mass. 487. *Knapp* v. *Amero,* 298 Mass. 517. There was nothing adduced at the trial that tended to contradict, weaken or shake this conclusion. *Wakefield* v. *American Surety Co.* 209 Mass. 173. *J. W. Grady Co.* v. *Herrick,* 288 Mass. 304. *Conte* v. *Mizzoni,* 298 Mass. 463. *Cook* v. *Farm Service Stores, Inc.* 301 Mass. 564.

This bill of exceptions purports to contain an exception saved to the refusal of a judge, other than the one who presided at the trial, to strike out the finding of the auditor that the piazza railing was in the control of the tenant. That exception should have been contained in a bill of exceptions allowed by the judge who made that ruling. It should not have been included in the present bill and is not properly before us. We cannot consider it. *Holbrook* v. *Seagrave,* 228 Mass. 26, 31.

*Exceptions overruled.*