MARY A. HANNON *vs.* ETHEL SCHWARTZ.

Suffolk.     November 13, 1939. — November 29, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Landlord and Tenant,* What constitutes premises let, Landlord's liability to third person, Awning. *Negligence,* One owning or controlling real estate. *Evidence,* Admissions, Relevancy. *Agency,* What constitutes. *Husband and Wife.*

In the absence of anything to show the contrary, an awning attached to the front wall of a store on the ground floor of a building abutting a sidewalk was part of the store and not in control of the owner of the building after a letting of the store to a tenant; and the owner was not liable on the ground of negligence to a traveller injured by coming into contact with a chain hanging from the awning.

The fact that the owner of a building had procured liability insurance covering the entire building did not show that he was in control of a portion let to a tenant.

The mere relation of husband and wife is not sufficient to show that one spouse is acting as agent for the other.

A direction made in behalf of the owner of a building that after damage by fire the cloth be removed from a sidewalk awning attached to a part of the building let to a tenant did not show that the awning over a year previous was in control of the owner rather than in that of the tenant.

TORT. Writ in the Superior Court dated September 16, 1935.

A verdict for the defendant was ordered by *M. Morton,* J. The plaintiff alleged exceptions.

*B. J. Killion, (J. F. Connelly* with him,) for the plaintiff.
*S. P. Sears, (E. R. Langenbach* with him,) for the defendant.

·RONAN, J.  The single question in this case is whether there was evidence that the defendant was in control of an awning, located in front of a store upon her premises, when the plaintiff, on August 6, 1935, while a pedestrian on the highway, came in contact with a chain attached to the awning.

The defendant became the owner of these premises in 1931. They consisted of a store upon the first floor and tenements upon the second and third floors, the one on the second floor being occupied by the defendant. The store was leased to a tenant, in 1932, who put up some part of the awning but not the frame. This tenant quit the premises after an occupancy of four months and left the awning attached to the building. There were subsequent tenants of the store and at the time of the accident it was occupied by a tenant at will whose tenancy had commenced on January 3, 1935. There was evidence that for more than two years prior to the accident the awning had never been rolled up against the building, as required by the regulations of the building department of Boston, and that it extended over the sidewalk at a height of six and one half feet, which was lower by a foot than the height .permitted by said regulations.

The jury could find that a chain ran from a crossbar of the awning frame to the side of the building where it was connected with a U-shaped metal piece fastened to the building by screws, but that the screws, on account of the decayed condition of that portion of the building in which they were inserted, were unable to hold the metal piece and permitted it and the chain to fall and hang suspended from the crossbar. The accident happened when the chain and the metal plate were in this position. The defendant had a liability policy covering the entire premises in which the store was located.

The declaration set forth a cause of action in negligence and the case was tried upon that basis. The defendant

was not charged with the maintenance of a nuisance. Upon the pleadings and evidence it was necessary for the plaintiff to prove that the awning at the time of the accident was in control of the defendant. The location, design and purpose of the awning showed that it was intended to be used in conjunction with the store. *Dalton* v. *Great Atlantic & Pacific Tea Co.* 241 Mass. 400. *Anderson* v. *Kopelman,* 279 Mass. 140. In the absence of anything to the contrary, the letting of a portion of the premises for a store includes the outer walls adjacent thereto, and gives the tenant the right to use such walls for the usual purposes ordinarily employed by tenants occupying the premises in the conduct of their business. *Pevey* v. *Skinner,* 116 Mass. 129. *Lowell* v. *Strahan,* 145 Mass. 1. *Levin* v. *Rose,* 302 Mass. 378. There was nothing to show that the awning was not within the control of the tenant at will of the store. Generally, the tenant, and not the owner, is liable for injuries received by travellers arising from defects upon the demised portion of the premises, and we find nothing in the record that takes the case out of this rule. This is but an application of the general rule that responsibility is an incident of control. *Clifford* v. *Atlantic Cotton Mills,* 146 Mass. 47. *Szathmary* v. *Adams,* 166 Mass. 145. *Neas* v. *Lowell,* 193 Mass. 441. *Shepard* v. *Worcester County Institution for Savings, ante,* 220.

The fact that the defendant had procured a policy of liability insurance covering the whole of her premises, including the part occupied by the store, is not sufficient to show that she had charge of the awning at the time of the accident. *Calabresa* v. *Lynch,* 271 Mass. 58. *Salsman* v. *Frisch,* 276 Mass. 228.

There was no error in excluding evidence that, after the store and awning had been damaged by fire in December, 1936, the defendant's husband directed another to remove the cloth from the awning. There was nothing to show that the defendant's husband was acting as her agent. The mere relation of husband and wife is not sufficient to show that one spouse is acting as agent of the other. *Barker* v. *Mackay,* 175 Mass. 485. *Harvey* v. *Squire,* 217 Mass. 411.

Even if we assume that the evidence was not too remote in time, it did not tend to show that the awning at the time of the accident was in control of the landlord. *Kearines* v. *Cullen*, 183 Mass. 298.  *Wierzbicki* v. *Thacher*, 273 Mass. 346.  *Shepard* v. *Worcester County Institution for Savings*, *ante*, 220.

*Exceptions overruled.*