HELEN D. NICHOLS *vs.* MARGARET E. DONAHOE.

Suffolk.     May 14, 1941. — May 28, 1941.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Negligence,* One owning or controlling real estate. *Landlord and Tenant,* Landlord's liability to third person.

A finding that the owner of allegedly defective premises was in control thereof was not warranted even though the fact finding tribunal disbelieved the only evidence on the matter of control, that the premises were in the possession of a tenant who undertook to make the repairs.

TORT. Writ in the Municipal Court of the City of Boston dated January 24, 1938.

Upon removal to the Superior Court, the action was heard without a jury by *Buttrick,* J., who found for the plaintiff in the sum of $1,205. The defendant alleged exceptions.

*A. S. Allen & W. J. Donahoe,* for the defendant, submitted a brief.

No argument nor brief for the plaintiff.

RONAN, J. The judge found for the plaintiff in this action of tort to recover for personal injuries, received on January 13, 1938, when she fell upon the sidewalk in front of the defendant's premises by reason of slipping upon an accumulation of ice which had resulted from the freezing of water that had been discharged from a conductor upon the defendant's premises and flowed upon the highway. There was evidence that at the time of the accident the premises

were occupied by one Gannon, who paid a weekly rental and undertook to "do the repairs," and that he had become a tenant about November 1, 1937. The principal contention of the defendant is that she was not in control of the premises when the accident occurred and that there was error in the refusal to give her first request, to the effect that the plaintiff could not recover because the defendant was not in control of the premises.

The judge found that the premises were owned and controlled by the defendant; that the plaintiff's injuries were caused by an artificial accumulation of ice upon the sidewalk which resulted from water discharged by a conductor upon the defendant's house, and that such a condition had existed for so long a period that the defendant should have known of it. He found the plaintiff was not contributorily negligent but that the defendant was negligent. He made no other specific findings.

The one in possession and control of premises is bound to exercise reasonable care to maintain them in such condition that injuries will not be incurred by others, including pedestrians using the highway upon which the premises abut. Liability for injuries so incurred commonly depends upon control of the instrumentality that caused them. *Lowell* v. *Spaulding,* 4 Cush. 277. *Szathmary* v. *Adams,* 166 Mass. 145. *Moss* v. *Grove Hall Savings Bank,* 290 Mass. 520. *Frizzell* v. *Metropolitan Coal Co.* 298 Mass. 189. *Gilroy* v. *Badger,* 301 Mass. 494. *Shepard* v. *Worcester County Institution for Savings,* 304 Mass. 220. The owner of premises upon which a nuisance exists or which are in such defective condition that a nuisance is likely to come into existence cannot avoid liability to a third person who is injured by such a nuisance merely by showing that prior to the injury he had let the premises to another, because by the act of letting he has contemplated and authorized the maintenance of a nuisance. *Dalay* v. *Savage,* 145 Mass. 38. *Maloney* v. *Hayes,* 206 Mass. 1. *Marston* v. *Phipps,* 209 Mass. 552. *Anderson* v. *Kopelman,* 279 Mass. 140. *Garland* v. *Stetson,* 292 Mass. 95. *Souza* v. *Becker,* 302 Mass. 28.

We need not decide whether the defendant could be found

liable for letting the premises that were in such condition that a nuisance would result from their use by her tenant, because the case was tried upon the theory that the defendant was liable solely on the ground of negligence in failing to maintain the property, which was in her control, in such condition that travellers on the highway would not be injured. *Hannon* v. *Schwartz*, 304 Mass. 468.

The judge found, it is true, that the defendant was in control of the premises. One Gannon testified that he was in possession of the premises, as a tenant of the defendant. If so, the defendant was not in control, at least unless the defendant agreed to repair, and there is no evidence of such an agreement. If the judge disbelieved Gannon, his disbelief would not warrant a finding to the contrary, that the premises were vacant. *Rubenstein* v. *Economy Grocery Stores Corp.* 274 Mass. 608. *DeBlois* v. *Boylston & Tremont Corp.* 281 Mass. 498. *Spiegel* v. *Beacon Participations, Inc.* 297 Mass. 398.

On the whole evidence, the finding that the defendant was in control cannot stand for it was unsupported by the evidence. There was error in refusing to grant the defendant's request, which was in effect that there was no evidence that she was in control of the premises at the time of the accident. *Lanesborough* v. *Ludlow*, 250 Mass. 99. *Commercial Trust Co. of New York* v. *American Trust Co.* 256 Mass. 58. *Lanoue* v. *Buscicchia*, 261 Mass. 236. *Beacon Manuf. Co.* v. *Barnard Manuf. Co.* 261 Mass. 397. *Massachusetts Lubricant Corp.* v. *Socony-Vacuum Oil Co. Inc.* 305 Mass. 269.

*Exceptions sustained.*