NORMAN B. CHRISTIANSEN & others *vs.* JOHN HANCOCK MUTUAL LIFE IN-
SURANCE COMPANY. December 7, 1944. Exceptions overruled. Judgment
for the defendant. This is an action of tort brought in the Superior Court by
three minors by their next friends to recover compensation for personal in-
juries alleged to have been caused by wanton, wilful and reckless operation of
a motor vehicle by the defendant, its agent, servant or employee. There are
also counts for consequential damages. The plaintiffs excepted to the direc-
tion of a verdict for the defendant. There was evidence that the minor
plaintiffs were injured as a result of jumping from an automobile, owned and
operated by one Pappalardo and registered in his name, upon which the
minor plaintiffs were riding. It is agreed that they "were trespassers as to
him." There was evidence that at the time the minor plaintiffs were injured
said Pappalardo was collecting premiums for the defendant. But whether or
not the evidence warranted a finding that wanton, wilful and reckless con-
duct of Pappalardo had a causal relation to the injuries sustained by the
minor plaintiffs, the evidence did not warrant a finding that the defendant
was legally responsible for such conduct. See *Hardaker's Case*, 274 Mass. 7;
*Child's* Case, 274 Mass. 97. The evidence that the "defendant carried a
so-called non-ownership liability policy insuring the defendant against lia-

bility to it arising from the operation of motor vehicles by its agents," with the other evidence in the case, did not warrant such a finding. See *Salsman* v. *Frisch*, 276 Mass. 228; *Hannon* v. *Schwartz*, 304 Mass. 468, 470.

*J. J. Moss*, for the plaintiffs.

*R. N. Daley*, for the defendant.