JAMES JOSEPH NUNAN *vs.* DUDLEY PROPERTIES, INC. & another.

Suffolk.    March 7, 1950. — March 31, 1950.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Landlord and Tenant,* Control of premises, Landlord's liability to tenant or his family or his invitee. *Negligence,* One owning or controlling real estate.

Under provisions in a lease of an entire building, that the lessee should have the right to advertise by signs or billboards on the outside wall and roof, and that "the lessee is to assume only such degree of control of the outside part of the premises so used, as is necessary for the installation and maintenance of said signs or billboards, and the lessor is understood to retain and remain in possession of control of said outside portions of the premises for all other purposes and in connection with determining his liability to third persons for any and all injuries which may result from defects, failure to repair, or accumulations of snow and ice," the lessor, and not the lessee, was in control for purposes of maintenance of a flight of uncovered wooden steps extending from the rear of the building and was liable to one who, when using the steps in delivering goods to the lessee, sustained injuries when the steps broke because of a condition that ought to have been discovered and remedied by the lessor.

TORT. Writ in the Superior Court dated October 25, 1946. The action was tried before *Dowd,* J.

*J. W. White,* for the defendant Dudley Properties, Inc.

*B. Ginsburg,* (*S. J. Ginsburg* with him,) for the plaintiff.

*C. W. O'Brien,* for the defendant The Great Atlantic and Pacific Tea Company.

LUMMUS, J.   This is an action of tort for personal injuries.   The first two counts are against the defendant The Great Atlantic and Pacific Tea Company, alleging negligence in one count and nuisance in the other.   The other two counts are against the defendant Dudley Properties, Inc., alleging negligence in one count and nuisance in the other.   This joinder of defendants was permitted by G. L. (Ter. Ed.) c. 231, § 4A, inserted by St. 1943, c. 350, § 1.   At the conclusion of the evidence the judge directed a verdict for the defendant The Great Atlantic and Pacific Tea Company, subject to the plaintiff's exception.   He permitted the jury to return a verdict against the defendant Dudley Properties, Inc., subject to its exception.

The evidence showed that the defendant Dudley Properties, Inc., leased a building in Boston as a whole to the defendant The Great Atlantic and Pacific Tea Company. On September 24, 1946, the plaintiff was delivering sugar to the last named defendant, and was using a flight of uncovered wooden steps extending from the rear of that building, when the steps broke because of a condition that ought to have been discovered and remedied by the one in control of them, and the plaintiff was hurt.

The decisive question in this case is, Which defendant had the control of the steps?   The lease was dated October 26, 1945, and the original term was from November 1, 1945, to October 31, 1946.   The property leased consisted of the store premises with the basement underneath and a right of entry to the rear.   The lease provided that the lessee should have the right to advertise by signs or billboards on the outside wall and roof, and that "the lessee is to assume only such degree of control of the outside part of the premises so used, as is necessary for the installation and maintenance of said signs or billboards, and the lessor is understood to retain and remain in possession of control of said outside portions of the premises for all other purposes and in connection with determining his liability to third persons for any and all injuries which may result from defects, failure to repair, or accumulations of snow and ice."

If that provision had not been in the lease, a lease of the entire building would place the steps in question in the control of the lessee, and it would be liable to third persons for negligence in their maintenance. *Szathmary* v. *Adams*, 166 Mass. 145. *Neas* v. *Lowell*, 193 Mass. 441. *Hannon* v. *Schwartz*, 304 Mass. 468. *Minkkinen* v. *Nyman*, ante, 92. But the steps had nothing to do with the installation or maintenance of signs or billboards, such as the lessee was to control, and by the terms of the lease the lessor was in control of the steps. It is the rule that "liability for damage caused by the condition of premises commonly depends upon control of the offending instrumentality." *Frizzell* v. *Metropolitan Coal Co.* 298 Mass. 189, 191. *Hannon* v. *Schwartz*, 304 Mass. 468, 470. *Nichols* v. *Donahoe*, 309 Mass. 241, 242. *Cassidy* v. *Welsh*, 319 Mass. 615, 619.

It has long been recognized that a landlord may reserve part of the premises within his own control and responsibility. See *Szathmary* v. *Adams*, 166 Mass. 145, 146; *Shepard* v. *Worcester County Institution for Savings*, 304 Mass. 220, 222; Restatement: Torts, §§ 360, 361. Moreover, a landlord may reserve the entire premises in his control for the purpose of keeping them in condition. *Fiorntino* v. *Mason*, 233 Mass. 451, 453. *Cummings* v. *Copley*, 244 Mass. 448. *Collins* v. *Humphrey*, 314 Mass. 759. *Ryerson* v. *Fall River Philanthropic Burial Society*, 315 Mass. 244. *Flynn* v. *South Middlesex Co-operative Bank*, 316 Mass. 659. And it is common for a landlord to reserve control of and responsibility for common passages and approaches in a building let to several tenants. *Kirby* v. *Boylston Market Association*, 14 Gray, 249, 251. *Gill* v. *Jakstas*, ante, 309.

Because The Great Atlantic and Pacific Tea Company was not in control of the steps, a verdict in its favor was rightly directed. But Dudley Properties, Inc., was in control of the steps, and the case against it was rightly submitted to the jury.

*Exceptions overruled.*