*Municipal Court of the City of Boston*
No. T-12667

**KEVIN COYLE, p.p.a.,et al**

v.

**BOSTON HOUSING AUTHORITY.**

*Present:* Adlow, C.J., Gillen, Morrissey, J.J.

Argued: Nov. 4, 1966   Decided: Nov. 8, 1966

*Adlow, C.J.* Action of tort in which the plaintiff, a minor, seeks to recover damages for injuries suffered on June 25, 1962 when he was struck by a screen which fell from a window in the building owned by the defendant.

*There was evidence that* on the day in question the plaintiff was seated on a chair in the yard adjacent to the building located at 31 Franklin Avenue in Dorchester; that a Mrs. Hoffman, who had an apartment in said building, went to lift the screen of the window in her apartment and it fell striking the plaintiff on the head. There was evidence from Mrs. Hoffman that the runners holding the screen were not in good condition, that the screen was loose and that she had notified the manager of the building on two occasions two months prior to said accident, but that nothing was done. There was evidence by Mrs. Hoffman that she was a tenant of and paid rent to the Boston Housing Authority. On this evidence the court, after ruling as shall presently appear, found for the plaintiff. The defendant

being aggrieved by the rulings and the finding brings this report.

■ In causes involving responsibility for the condition of premises resulting in injury, liability is usually predicated on control. *Frizzell* v. *Metropolitan Coal Co.,* 298 Mass. 189, 191; *Cassidy* v. *Welsh,* 319 Mass. 615, 619. While there may be circumstances under which the tenancy is of a short and temporary nature which precludes any notion of transfer of control, *Oxford* v. *Leathe,* 165 Mass. 254, the rule with respect to the usual transfers of possession, whether tenancies at will or under a lease, is that control vests with the occupant. It is his duty to maintain the premises in a state of repair. *Clifford* v. *Atlantic Mills,* 146 Mass. 47.

■ By common law the occupier and not the landlord is bound as between himself and the public, so far to keep the buildings in repair, that they may be safe for the public, and such occupier is liable to third persons for damages arising from a defect. *Lowell* v. *Spaulding,* 4 Cush. 477. In this case there was no evidence whatever with respect to any such covenant or agreement at the time of the letting.

■ Another possible basis for holding the landlord is where the landlord knows of a defect not apparent to the tenant at the time of the letting, and fails to disclose the hidden defect or trap. *O'Malley* v. *Twenty-five Associates,* 178 Mass. 555. There is no evidence in this case to suggest that the defect which resulted in the

plaintiff's injury was in existence at the time of the letting of the premises.

In the absence of any evidence of the existence of a nuisance at the time of the letting or of any covenant to keep the premises in repair, we are reduced to a situation where an ordinary tenancy was created at some time prior to the happening of the accident. The transfer of control under these circumstances transfers control to the tenant and with it responsibility to keep the premises in repair. The tenant alone is liable to third persons for damages caused by permitting the premises to become dangerous for want of repairs. *Kirby* v. *Boylston Market Assn.*, 14 Gray 249; *Szathmary* v. *Adams*, 166 Mass. 145; *Shepard* v. *Worc. County Inst. Sav.*, 304 Mass. 220, 222. In the cause under review the court made a finding of fact that the defendant had control of the premises. This finding was not warranted by the evidence. The tenancy that was created was not of a temporary nature as in *Oxford* v. *Leathe* (supra), nor is there evidence of any control over or supervision of the windows and screens in the apartment occupied by Mrs. Hoffman, as in the case of *Kirby* v. *Boylston Market Association* (supra). The situation is more analogous to that in *Hannon* v. *Schwarz*, 304 Mass. 468, where an awning protecting the front of a store was ruled the responsibility of the occupant of the store, rather than the owner of the building of which the store was but a part.

While there is evidence in the report that within two months of the date of the accident the tenant (Mrs. Hoffman) had informed the defendant's manager that the screen was out of order, the landlord was under no obligation to make repairs, and never did. The duty to keep the premises in repair was on the tenant. *Lowell* v. *Spaulding*, 4 Cush. 477; *Szathmary* v. *Adams*, 166 Mass. 145. In our view there was no evidence to warrant a finding for the plaintiff and the court erred in refusing to so rule. See: *Wigon* v. *Wagman*, Mass. App. Div. — .

**Finding for plaintiff vacated.**

**Finding to be entered for defendant.**

CHARLES J. WILKINS
of Boston for the Plaintiff.

HARVEY J. SELETSKY
of Boston, for the Defendant.