LENA FRISCHBERG *vs.* MARY E. HURTER.

Suffolk.    December 15, 1898. — March 2, 1899.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Defective Coal-hole — Landlord and Tenant —*
*Negligence — Action.*

The owner of premises occupied by a tenant, and which the owner has not agreed generally to keep in repair, is not liable to an action for personal injuries caused to a third person by falling into a coal-hole on the premises through the neglect of the tenant to fasten the cover, which itself is in good condition, although the hole is in a worn condition.

TORT, for personal injuries occasioned to the plaintiff, on July 12, 1897, by falling into a coal-hole in the sidewalk in front of a house on Windsor Street, in Boston. Trial in the Superior Court, before *Bond*, J., who allowed a bill of exceptions, in substance as follows.

It was agreed that the house belonged to the defendant, and that she let the same to Julia Redmund, to be occupied as a boarding and lodging house. Redmund testified that she hired the house of the defendant as a tenant at will, paying her rent once in two weeks; that she moved on to the premises about June 4, 1897; that prior to the letting she visited the premises with the husband of the defendant, who was acting in behalf of the defendant, and who went over the house with her and agreed to make certain repairs; that these repairs, which consisted of painting and papering three rooms and putting in some gas fixtures, were made subsequently, some before she moved in, and some afterwards; and that there were no other repairs made during the time she was there.

There was no testimony that she noticed the coal-hole or its condition until the day when she was moving into the premises, which was subsequent to her hiring.

There was evidence that Redmund rented rooms on the second floor to one Weeks, who moved in at the same time she did, and who peddled tea and coffee with a horse and cart; and that Weeks stored his goods in a small basement cellar into which

the coal-hole in question opened, to which he and Redmund only had keys, and into which she had been a few times, once to show a gasman. There was no evidence that any one had access to the cellar during the tenancy of Redmund, except herself and Weeks, or that it had been used for any purpose except to store his goods, or that anybody had used or interfered in any way with the coal scuttle or cover in question from the inside during the tenancy.

As to the condition of the coal-hole and cover from the time of the letting till subsequently to the accident, Redmund testified that, at the time she was moving in, when the furniture movers put down the furniture, "the coal-hole slipped up"; that it had no fastening to keep it down, and when anybody stepped on it the iron piece would slip off; and that it remained in that condition from the time she moved in until the accident occurred.

Charles A. Weeks testified that after he moved into the house he noticed, one evening before the accident, "boys putting their feet out, and they could move it"; that he found a piece of iron gas-pipe after the accident, and fixed it to the best of his ability; that he put the piece of gas-pipe in the loop which was on the iron that the fastening should be on, underneath the cover; that he found the gas-pipe in some portion of the cellar; and that there was no arrangement of any sort to hold it down at the time he went there.

Abner Gray testified that he examined the cover subsequently to Weeks's fixing it; that he went down in the coal-hole and found it fastened with a piece of gas-pipe and what is called an S-hook attached to the boss that is cast on to the coal cover; that he disconnected that, and went upstairs, out on the side-walk, put his foot on the cover and pressed it off two or three times; that he then called Redmund out, and pressed it off three or four times in her presence; that the cover was in very good condition, worn smoothly on top, but the hole in the stone was irregular; that the cover was located right in front of the steps, and was placed in soft slate rock; that it was not set in an iron rim, but simply set in the stone; that he went down in the coal-hole and fastened the cover, put this piece of gas-pipe in again, and left it again in the condition in which he found it, and he then looked up and the sun was shining through on the north

and south sides, and on the east and west sides the cover was down to the bearings; that the bearings of the stone were very badly worn on the north and south sides; and that the stone was worn somewhat, and cracked clear across on both sides.

There was evidence that the plaintiff's mother was and had been for about a year a customer of Weeks; that when he moved into the premises in question he informed her of the fact, and told her that if she got out of tea or coffee she might send round there for it; that she sent the plaintiff to order a pound of coffee at the time she was injured; that the plaintiff, with two loaves of bread in her arms which she had just bought in another street, entered Windsor Street on this errand, and walked along the sidewalk and looked for the number; that when she found the number she stepped on a coal-hole, and the cover slipped away, and she fell into it; that the hole was right at the front of the steps; and that a woman helped her out of the hole and seated her upon the steps, and she afterwards rang the bell, was admitted, and went up to Weeks's rooms.

There was other evidence to show that the house had a swell front; that the entrance was located at the side of the swell front; that steps led down from the door to a brick sidewalk; that the coal-hole was located in a stone placed in the brick sidewalk directly in front of the steps and from one to two feet from them; and that the sidewalk in front of this house was of brick, eight or ten feet wide, from the curbstone to the front wall and steps of the house. There was no testimony to indicate where the line of the public highway ran, or whether the coal-hole was located in the public way or upon the defendant's private land, except as herein given.

The judge ruled that the action could not be maintained, and directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions.

*E. O. Achorn*, for the plaintiff.

*H. R. Bailey*, (*J. H. Appleton* with him,) for the defendant.

MORTON, J. At the time of the accident the premises were in the occupation of a tenant to whom the defendant had let them. The general rule is that, under such circumstances, the landlord is not liable to strangers for injuries caused by a defect or want of repair in the premises, unless he has agreed to make repairs, or

the defect or want of repair existed at the time of letting, and was of such a character as to constitute a nuisance, or make the premises permanently dangerous.   See *Leonard* v. *Storer*, 115 Mass. 86; *Mellen* v. *Morrill*, 126 Mass. 545; *Dalay* v. *Savage*, 145 Mass. 38; *Clifford* v. *Atlantic Cotton Mills*, 146 Mass. 47; *Caldwell* v. *Slade*, 156 Mass. 84; *Gwinnell* v. *Eamer*, L. R. 10 C. P. 658; *Pretty* v. *Bickmore*, L. R. 8 C. P. 401; *Nelson* v. *Liverpool Brewery Co.* 2 C. P. D. 311; *Gandy* v. *Jubber*, 5 B. & S. 78; *Todd* v. *Flight*, 9 C. B. (N. S.) 377; Taylor, Land. & Ten. (7th ed.) § 175.

We think that there was no evidence fairly tending to show that the defendant had agreed to keep the premises in repair. The most that can be said of the evidence, as it seems to us, is that the defendant agreed to make certain specific repairs which she made as agreed, but did not agree generally to keep the premises in repair.   The case in our own reports which comes nearest to this is *Dalay* v. *Savage, ubi supra*.   In that case, however, there was a rope to the cover but no chain, and the coal-hole was so worn that the cover would slip when stepped on, whether tied or untied.   In this case the cover itself was in good condition, and there was an S attached to it through which a piece of iron could be put so as to fasten it down securely, and this was done after the accident by a boarder of the tenant by means of a piece of gas-pipe which was found in the cellar, and which, for aught that appears, may have been there for that purpose.   Landlords are not obliged to see that the covers on coal-holes in premises which are in the occupation of a tenant are kept securely fastened, and we think that the cause of the accident in this case was the neglect of the tenant to fasten the cover, rather than the worn condition of the hole.   We assume that the plaintiff was in the exercise of due care.   The evidence tends to show, if that is material, that the coal-hole was upon the defendant's premises.

*Exceptions overruled.*