HELEN L. CLAPP *vs.* JAMES DONALDSON.

Suffolk.    January 9, 1907. — March 5, 1907.

Present : KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Nuisance.    Landlord and Tenant.*

In an action for personal injuries from the plaintiff's leg going down into a coal hole, in the sidewalk of a public highway, maintained in connection with the adjoining premises owned by the defendant, when the plaintiff stepped on the cover in walking along the sidewalk, if it appears that for a period of between seven and eight months before the accident the premises had been let by the defendant to a tenant whose duty it was to keep them in repair, that during that time the coal hole had been used many times by the tenant for putting in coal and that the cover had been raised by prying it up with shovels and a bar in such a way as to wear and chip the edges of the stone into which it fitted, and if the plaintiff introduces evidence tending to show a dangerous condition of the coal hole at the time of the accident, but offers no evidence of its condition at the time of the letting except what might be inferred from the description of its condition at the time of the accident, and moreover there is evidence that there was an eye on the under side of the cover to which a rope was attached and that the insecurity of the cover was due to the tenant's neglect to fasten the rope properly, there is no evidence for the jury that the coal hole was in a dangerous condition at the time of the letting, and a verdict should be ordered for the defendant.

TORT for personal injuries from the plaintiff's leg going down into a coal hole when she stepped on the cover while walking along the sidewalk of Massachusetts Avenue in Boston adjoining the premises numbered 447 on that highway, owned by the defendant, at about eleven o'clock in the forenoon of July 10, 1903. Writ dated March 4, 1904.

In the Superior. Court the case was tried before *Holmes*, J., who ordered a verdict for the defendant, and by agreement of the parties reported the case for determination by this court, it being agreed that if the verdict was ordered rightly it was to stand; otherwise, that final judgment was to be entered for the plaintiff in the sum of $1,500 and costs.

The case was submitted on briefs.

*S. L. Whipple, W. R. Sears & H. W. Ogden,* for the plaintiff.
*J. E. Eaton & E. T. McKnight,* for the defendant.

MORTON, J. The coal hole into which the plaintiff fell was maintained in connection with premises belonging to the defendant; but that, of itself, is not sufficient to establish his liability for the accident. In order to render him liable, there must be evidence warranting a finding that he was responsible for the condition of the coal hole, and that the accident was due to his neglect to keep it in a proper condition.

The accident happened on or about July 10, 1903. On or about December 1, 1902, the premises had been let by the defendant by an oral agreement to one Miller. The defendant, though asked by the tenant at the time of letting to make repairs, refused to do so, and the obligation to keep the premises in repair, including the coal hole, was thus either impliedly assumed by the tenant, or rested upon him as occupier by operation of law. *Lowell* v. *Spaulding,* 4 Cush. 277. *Cunningham* v. *Cambridge Savings Bank,* 138 Mass. 480. *Clifford* v. *Atlantic Cotton Mills,* 146 Mass. 47.

The plaintiff, however, seeks to hold the defendant on the ground that the accident was caused by a worn condition of the coal hole which existed at the time of the letting, and relies on *Dalay* v. *Savage,* 145 Mass. 38. But that case was materially different from this. In that case the accident occurred a little more than a month after the letting, and there was evidence that the bedstone into which the cover fitted was "well-

worn, chipped off and broken at the edges," and that (what is fully as important) " the bed had not changed in this respect during the tenancy." There was thus affirmative evidence tending to show that the coal hole was in a permanently dangerous. condition when the premises were let. In the present case the plaintiff offered no evidence of the condition of the coal hole at the time of the letting except what might be inferred from the description of its condition at the time of the accident between seven and eight months after. During that time it had been used many times by the tenant for putting in coal and the cover had been raised by prying it up with shovels and a bar in such a way as naturally to wear and chip the edges of the stone into which it fitted. It could not be determined, therefore, whether the dangerous condition at the time of the accident existed at the time of letting, and the use of the coal hole by the tenant merely aggravated that condition, or whether, assuming that the evidence would warrant a finding that it was more or less worn at the time of the letting, it was rendered dangerous by the subsequent use, and the burden of proof was not therefore sustained by the plaintiff. Moreover, the undisputed evidence showed that there was an eye on the under side of the cover to which was attached a rope, and it would seem that the insecurity of the cover was due to the tenant's neglect to fasten it properly. We think that the case comes within *Frischberg* v. *Hurter*, 173 Mass. 22, rather than *Dalay* v. *Savage, supra.*

*Verdict for the defendant to stand.*