## ARGUED AND DETERMINED

IN THE

# SUPREME JUDICIAL COURT

OF

# MASSACHUSETTS.

---

PATRICK MALONEY vs. JEREMIAH F. HAYES.

Norfolk.   March 4, 1910. — May 18, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Nuisance. . Landlord and Tenant. Ice. Negligence,* Of one owning or occupying
real estate.

Where a house and land are in the possession of one who occupies them as a ten-
ant at will of the owner and the owner has reserved no right to enter thereon to
make repairs or to ascertain whether the premises are used properly, the owner
is not liable to strangers for injuries arising from the way in which the premises
are used, caused by negligence of the tenant in permitting the premises to be-
come defective, although from time to time the owner voluntarily may have
caused repairs to be made upon the house; but, if at the time when the tenant
took possession there was in existence upon the premises a nuisance due to a per-
manent arrangement of a conductor and a discharging spout which carried water
from the roof and caused it to be discharged upon a public sidewalk in front of
the premises, where it froze, and the nuisance continues after occupancy by the
tenant, the owner is liable to travellers upon the sidewalk for injuries caused
thereby, although the tenant might have changed the spout so that the water
would not have been thrown upon the sidewalk.

TORT for personal injuries caused by falling upon an accumu-
lation of ice which was alleged to have been formed by water
collected and discharged upon the sidewalk on White Place in
Brookline in front of a house owned by the defendant.   Writ
dated June 20, 1907.

The case was tried before *Bishop*, J.   It appeared that a spout
ran from the roof of the house owned by the defendant, from

which water was discharged into a spout running toward the sidewalk upon which the plaintiff slipped. It also appeared that there was a hole cut in a wooden fence between the premises upon which the house stood and the sidewalk at a point opposite the end of the spout. Evidence for the plaintiff tended to show that at the time of the accident the spout ran through the hole in the fence and discharged water upon the sidewalk which formed the ice upon which the plaintiff slipped, and that the spout had been in that position " for five years or more previous to the accident." Evidence of the defendant tended to show that for four years and about nine months before the accident the premises had been occupied by one who was a tenant at will of the defendant; that the defendant at various times had shingled and painted the house, and was accustomed to clean " the burden of " the snow from the front of the premises, leaving the town to clean up the rest; that the defendant bought the premises about fourteen years before the accident, and that the spout at that time and ever since had not run through the hole in the fence, but had run up to the base board of the fence, and had discharged water wholly within the defendant's premises.

At the close of the evidence the presiding judge ordered a verdict for the defendant; and the plaintiff alleged exceptions, which after the death of *Bishop*, J., were allowed by *Aiken*, C. J.

*L. S. Thierry*, for the plaintiff.

*C. R. Darling*, (*J. H. Appleton* with him,) for the defendant.

BRALEY, J. The plaintiff, while lawfully using the street as a traveller, was injured by falling on an accumulation of ice, which had been formed from water collected and discharged upon the sidewalk through a spout attached to a conductor leading from the roof of the defendant's house.

A landowner or occupier of land cannot lawfully collect surface water into a definite channel and discharge it upon a highway, making it unsafe for the use of travellers. The act creates a public nuisance, and a traveller who suffers injury therefrom can sue the wrongdoer. *Hynes* v. *Brewer*, 194 Mass. 435.

But as the premises at the time of the accident were in the possession and control of a tenant at will, the defendant contends that he is not responsible. If during the tenancy the

defendant voluntarily painted and shingled the house, no retention of control of the premises for the purpose of making repairs or ascertaining their condition is shown, and the tenant had the right of possession and enjoyment of the estate. *Porter* v. *Hubbard*, 134 Mass. 233. *Kearines* v. *Cullen*, 183 Mass. 298. *Sheehan* v. *Fall River*, 187 Mass. 356. Where the lessor, whether the letting is by parol or by demise, reserves no right to enter upon the premises to make repairs, or to ascertain if they are properly used, he is not liable for injuries to strangers caused by the tenant's negligence either in permitting them to become defective, or arising from the manner in which they are used. *Frischberg* v. *Hurter*, 173 Mass. 22, and cases cited. *Clapp* v. *Donaldson*, 195 Mass. 39. *Neas* v. *Lowell*, 193 Mass. 441. *Coman* v. *Alles*, 198 Mass. 99. The unrestricted use and control having been given to the tenant, the duty devolves upon him so to use the property as not to cause an injury to those who may be lawfully upon the premises, or to travellers on the highway upon which the estate abuts. *Clifford* v. *Atlantic Cotton Mills*, 146 Mass. 47.

But if the unsafe condition of the sidewalk could have been attributed to the tenant's negligence, the defendant as owner also would be liable if at the time of letting the conductor and spout were adjusted to form a permanent arrangement for the continued discharge of drainage. *Clifford* v. *Atlantic Cotton Mills*, 146 Mass. 47, 49. *Lufkin* v. *Zane*, 157 Mass. 117, 122. The connection of the spout with the conductor was not in dispute, and it was for the jury to decide upon conflicting evidence as to the location of the outlet or place of discharge. If they determined that when the tenant entered into occupation the spout projected beyond the fence through which a hole had been cut and fitted for the purpose, they would be justified in finding further that the combination was used and had been designed by the defendant for the disposal of melting snow and water coming from the roof. The defendant let the property for hire with knowledge of these conditions, and if the formation of ice might have been prevented by the tenant's detaching the spout or in some way confining the overflow within the enclosure, the premises were so constructed as to be permanently dangerous to travellers. Having created a continuing nuisance to which the

plaintiff's injury was attributable, the defendant could not relieve himself from responsibility by letting the premises, when he must have contemplated they would remain and be used in the same manner as when rented. *McDonough* v. *Gilman*, 3 Allen, 264, 267. *Prentiss* v. *Wood*, 132 Mass. 486, 488. *Jackman* v. *Arlington Mills*, 137 Mass. 277. *Dalay* v. *Savage*, 145 Mass. 38, 41. *Lufkin* v. *Zane*, 157 Mass. 117, 122.

The verdict for the defendant was improperly ordered, and there must be a new trial.

*Exceptions sustained.*