## CLAY *v.* EL DORADO HOTEL COMPANY.

### Opinion delivered December 6, 1915.

LANDLORD AND TENANT—INJURY TO THIRD PERSON—CONDITION OF PREMISES —LIABILITY OF LANDLORD.—Defendant leased a building to certain lessees. Plaintiff was injured by falling into a coal hole in the sidewalk, negligently left open after coal had been delivered to the lessees. The hole was provided with a proper and sufficient covering, which was in perfect repair. *Held*, defendant was not liable for damages resulting from the injury.

Appeal from Union Circuit Court; *C. W. Smith,* Judge; affirmed.

*George M. LeCroy,* for appellant.

The court erred in refusing to give appellant's requested instruction No. 2, to the effect that it was the duty of appellee, the landlord, to construct and maintain the coal hole on his leased premises in a safe condition. 82 S. E. 363; volume 6 N. C. C. A. 455.

Appellee's instruction No. 1 was not applicable. An owner who constructs a vault under the highway in front of his premises, which from its condition or construction is dangerous, is liable for injuries sustained by a passerby, although the premises were leased to a tenant, by whose negligence the accident occurred. 24 N. Y. Sup. Ct. (1 Rob.) 238; 6 Pac. 381; 29 N. J. L. 544; 66 Md. 325;

43 Barb. 282, 34 How. Prac. 288; 1 Thomp. on Neg., p. 1069; 145 Mass. 40.

Where by the lease contract the duty to repair the premises rests upon the landlord as in this case and injury results from his failure to so repair, he is liable. 8 N. Y. St. Rep. 338; 58 Ga. 204; 68 Ill. 47. Where a landlord erects and leases a nuisance both he and his tenant are liable. 9 Md. 108; 56 Mo. App. 599.

The entire building was not leased, appellee retaining a portion, and the liability was therefore on him. 38 Cyc. 490.

The coal hole was not used exclusively by the lessees, but was also used for the benefit of the owners in supplying hot water for one of the stores reserved from the lease.

*H. S. Powell,* for appellee; *A. N. Meek,* of counsel.

Coal holes are not nuisances *per se,* but a lawful use of the street, and liability for injuries sustained by reason of such improvements is founded ordinarily on negligence. 21 Mich. 21; 54 Minn. 530, 56 N. W. 246; 133 Mo. 284, 34 S. W. 590; 59 N. Y. S. 308.

Where the coal hole is constructed properly, and is under the control of a tenant who leaves it open, and some one is injured thereby, it is the tenant and not the landlord who is liable. 108 N. Y. 530; 115 N. Y. 173; 17 R. I. 137, 20 Atl. 263, 19 Am. & Eng. Ann. Cas. 470; 77 S. W. 843, 52 N. E. 1086; 173 Mass. 22.

The landlord is not responsible for misconduct or neglect of tenants, even though occasioned by the manner in which the premises were constructed, provided they were capable of being used in a proper manner, whereby no injury would have resulted. 127 Mass. 143; 55 L. R. A. 236.

The covering to the hole in question was fastened by hinges in a substantial manner, and provided with a staple and hasp, whereas in the case relied on by appellant in 82 S. E. 363, the covering was not so provided, and could be readily removed by any one.

The differences in the rule fixing liability on the landlord and tenant are usually of fact, and cases where the

facts make the landlord liable are found in 66 Iowa 219, 23 N. W. 638; 90 Mo. App. 558; 19 A. & E. Ann. Cases 464; 74 Mo. App. 138; 24 N. Y. Sup. Ct. 238. But the facts of this case do not bring it within the rule announced in cases *supra.*

The tenant in occupation of the basement has the exclusive control over the coal holes therein. 144 Mass. 53, 10 N. E. 5091; 26 N. Y. S. R. 799, 55 L. R. A. 236. The landlord can not be held liable because he is in possession of some other portion of the building not connected with, or claiming the use of the improvement which causes the injury. 55 L. R. A. 236.

HART, J. This is an action brought by Ollie Clay against El Dorado Hotel Company to recover damages received by falling into a scuttle or coal hole in the sidewalk in the town of El Dorado, Arkansas, next to the hotel, of which the defendant was the owner. The facts are practically undisputed and are substantially as follows:

The El Dorado Hotel Company is the owner of a tall building situated in the city of El Dorado, Arkansas. In January, 1915, the hotel company leased the building for hotel purposes to T. P. and A. B. Marks, reserving to itself two store rooms on the ground floor of the building. This lease was in force and effect at the time of the accident which is the subject-matter of this suit; and the lessees were in full possession and control of the building. There was a covenant in the lease requiring the lessors to make repairs rendered necessary by the ordinary wear and tear of the premises. On the south side of the building there was a concrete sidewalk and in the sidewalk there was a scuttle or coal hole which opened into the vault beneath the sidewalk connected with the cellar or basement of the building. The hole itself was square being about twenty-five inches in diameter and was provided with a cover made of iron which was twenty-eight inches square, and which rested on supports of channel iron. The iron covering was strong enough to hold as many people as could be placed upon it. The iron covering was securely hinged to the concrete by means of iron

hinges and could not be moved except to be opened or closed on its hinges. On the under side the cover was provided with a hasp and staple and when it was fastened the hasp was placed over the staple and a stick or pin was inserted through the staple. The covering was estimated by one witness to weigh twenty-five pounds and by the witness who constructed it to weigh forty-nine pounds. It fitted closely on the rest made for it and could only be opened by prying it up. There was no ring on the top of it by which any one passing along could readily raise it. The person who constructed it testified that it was constructed in a proper manner and in the way scuttle holes of that kind are ordinarily constructed. The coal hole and the vault beneath were constructed and used for putting coal into the cellar for the hotel. On the afternoon of August 26, 1913, the lessees of the building used the coal hole for the purpose of placing coal in the cellar for the hotel. About 8:30 o'clock on the same night, the plaintiff while walking along the street fell through the coal hole into the cellar beneath and was severely injured. His accident was due to the fact that the cover was raised off the hole and this fact was not discovered by the plaintiff on account of the darkness. The jury returned a verdict for the defendant and the plaintiff has appealed.

The court at the request of the defendant instructed the jury as follows:

"You are instructed that if there was no structural defect in the covering of the coal hole, the duty of exercising ordinary care in keeping the covering over the hole, was the duty devolving upon the Marks, as lessees in contract and possession of the property."

The action of the court in giving this instruction is assigned as error by counsel for the plaintiff. It will be remembered that in the lease in evidence the landlord covenanted to repair. In some jurisdictions it has been held that an agreement to repair does not inure to the benefit of a stranger and that no action will lie in "tort" for the breach of the contract; in other jurisdictions it is held that where the landlord's negligence in making or failing to make repairs results in an unsafe

condition of the premises, he is liable for injuries caused thereby to persons lawfully on the premises who are not guilty of contributory negligence. 24 Cyc. 1127-8.

Under the facts in this case we do not deem it necessary to decide this question for the undisputed evidence shows that the fault was not in the appliance but was in the manner of using it. Neither is this a case where the hole opening under the sidewalk was in a dangerous condition at the time of the lease or had become defective since the execution of the lease, as in *Hill* v. *Hayes,* 199 Mass. 411, 18 L. R. A. (N. S.) 375; *McLaughlin* v. *Kelly,* 230 Pa. 251, 50 L. R. A. (N. S.) 305.

The undisputed evidence in the case before us shows that there was no structural defect in the scuttle or coal hole. The undisputed evidence also shows that the coal hole was not in a defective condition at the time the lease was executed and that its condition did not become defective thereafter. It will be remembered that on the afternoon preceding the accident the lessees used the coal hole for the purpose of delivering coal into the cellar for the use of the hotel. The evidence further shows that the hole was open at the time the plaintiff fell into it. The inference is irresistible that the person whose duty it was to close the hole after putting coal into the cellar was careless and negligent in that respect and that the accident was in no wise due to a defective condition of the coal hole, but was wholly the result of negligence in using it. *Fehlhauer* v. *City of St. Louis,* 77 S. W. 843; *Frischberg* v. *Hurter,* 52 N. E. 1086. And see case note to *McLaughlin* v. *Kelly,* 50 L. R. A. (N. S.) 306-7; and case note to *Keating* v. *Boston,* 19 A. & E. Ann. Cas. 467.

It is true under the lease the owner reserved two storerooms, but he did not have possession and control of the rest of the building, and this coal hole was connected with that part of the building. Under such circumstances, the landlord is not liable. *West Chicago Masonic Association* v. *Cohn,* 55 L. R. A. 235.

The judgment will be affirmed.