ENRY W. BERGMAN *v.* FRED JACOB ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued April 6—decided June 8, 1939.

*Clarence A. Hadden,* with whom, on the brief, were *William L. Hadden* and *Daniel Pouzzner,* for the appellant (plaintiff).

*John E. McNerney,* with whom, on the brief, was *Daniel L. O'Neill,* for the appellee (defendant Jacob).

AVERY, J. The plaintiff brought this action to recover damages for personal injuries, claimed to have been received in consequence of falling down a cellar stairway connected with a restaurant operated by Emil Laufer, as tenant, on premises owned by Fred Jacob, as landlord. The action was brought against both the landlord and the tenant, and a verdict, returned by the jury in favor of the plaintiff as against both defendants, was set aside by the court as against the landlord, Jacob. The plaintiff has appealed. The question involved is whether the court erred in setting aside the verdict against the landlord.

Taking the view of the evidence most favorable to the plaintiff, the jury might reasonably have found these facts: The premises were leased by Jacob to Laufer with knowledge that the tenant was to operate a restaurant thereon. Subsequently the tenant obtained a permit to dispense liquors in connection with the restaurant and was required by the liquor control commission to install toilet facilities for men separate from those used by the other sex. The landlord installed such facilities in a hallway or small room adjoining the restaurant. A doorway opened from the restaurant into the hallway. On the right-hand within was a doorway opening into the hallway and leading to a cellar. This door was provided with a bolt. On the left was a door leading to the toilet. In the hall opposite the entrance door was a window with shutters which could be opened or closed and while there was no direct evidence that when open the hallway would be lighted by the window, that is the only reasonable inference from the testimony as a whole. On the ceiling above the toilet was a powerful electric light bulb.

When this was lighted, light from it would shine into the hallway. The door to the toilet did not reach either to the top or bottom of the door frame. Although the entrance door into the hallway opened against the door to the toilet, there can be no question that when the hallway was lighted the position of the toilet would have been apparent.

On January 26, 1936, at about noon, the plaintiff had lunch at the restaurant and after he had eaten at the counter he inquired for the toilet. The defendant Laufer said, "Go into your right and pull the string." The plaintiff entered the hall room, which was dark, and while feeling for the string his hand touched the panel of the cellar door. He opened this door, stepped forward, fell down the cellar stairs, and was injured. The plaintiff claimed the right to recover against the landlord on the ground of negligence and also that the condition of the premises constituted nuisance. There was no evidence before the jury that the landlord maintained or exercised any control over the operation or management of the premises. The only acts of negligence which could be claimed from the evidence were the acts of the tenant Laufer in directing the plaintiff into the room with the shutters closed upon the window so as to exclude light therefrom, and with the electric light turned off, and the cellar door unbolted. Inasmuch as the control of the premises was with the tenant, the landlord could not be held responsible for any of these claimed acts of negligence.

The case was treated and tried as one of nuisance and we shall treat it accordingly. The plaintiff claims that the jury might have found as a fact that the premises were in such a condition as to constitute a nuisance and the landlord might have been found liable for renting the place for the purpose contemplated in such condition that it might constitute a

nuisance. "Where an owner leases premises upon which there is a nuisance which will continue if they are used for the purpose and in the manner intended he is liable for damages resulting from that nuisance." *Calway* v. *Schaal & Son, Inc.*, 113 Conn. 586, 592, 155 Atl. 813. "Ordinarily a landlord is not liable for a nuisance created upon premises he has leased where that nuisance did not exist when they were leased or was not a result reasonably to be anticipated from their use for the purpose and in the manner intended." *Swift & Co.* v. *Peoples Coal & Oil Co.*, 121 Conn. 579, 592, 186 Atl. 629. Where the premises are in a reasonably safe condition and only become dangerous when some agency outside the control of the landlord has intervened, the latter is not liable for injury sustained by an invitee of the lessee who is lawfully on the premises. *Frischberg* v. *Hurter*, 173 Mass. 22, 52 N. E. 1086; *Harte* v. *Jones*, 287 Pa. St. 37, 39, 134 Atl. 467, 468. "When a landlord leases premises by ordinary lease 'he commits their care and the duty to keep them reasonably safe to the tenant (as he lawfully may), and hence he is relieved of liability for defects arising during the tenancy by reason of the tenant's neglect to perform that duty.'" *Kinney* v. *Luebkeman*, 214 Wis. 1, 6, 252 N. W. 282, 284; note, 53 A. L. R. 330; *Herrst* v. *University of Michigan*, 231 Mich. 396, 204 N. W. 119; *Murray* v. *McCormick*, (Missouri, 1921) 232 S. W. 733. In the present case there was nothing in the condition of the premises when delivered by the landlord to the tenant from which the jury could reasonably have found that the hallway in question was in such a condition as to constitute a nuisance. It could only become dangerous if the cellar door was left unlocked, the shutters of the window closed so as to exclude the daylight, and the electric light turned off. All of these instrumen-

talities were in the control of the tenant and no danger could be apprehended to a guest if reasonable care was exercised by the tenant in the use of the instrumentalities provided. The law does not hold the landlord to such a degree of responsibility as to make him liable on the ground of nuisance where the tenant carelessly leaves a cellar door unlocked and unlighted and the latter's guest is thereby caused to fall down. The court did not err in setting aside the verdict as to the defendant Jacob.

There is no error.

In this opinion MALTBE, C. J., HINMAN and BROWN, Js., concurred.

JENNINGS, J. (concurring). The question of the existence of a nuisance seems to me to be a question of fact for the jury under the evidence. I should therefore prefer to place the decision on the ground that the plaintiff had no cause of action for nuisance under the doctrine of *Webel* v. *Yale University,* 125 Conn, 515, 7 Atl. (2d) 215.