Pettingell, J.
The plaintiff, a pedestrian, tripped and fell over a detachable section of a fence in front of the defendant’s property. The fence had been cut to enable the tenant, occupying the property, to move his automobile in and out, and the section thus detached was placed back in *169 position each time the automobile entered or left. The fence itself was old and rotted in places. When the movable section was in place it was insecurely fastened at each end at the top and was easily displaced. There were no fastenings at the bottom. This condition had existed for at least sixteen days prior to the accident. There was no evidence at the trial “as to just how it (the section of the fence) happened to be upon the sidewalk upon the night in question but it was a happening which might have been anticipated because of its insecure construction in such close proximity to the public way.”
There was evidence that the defendant, the owner of the property knew that the tenant was to cut the fence and that after the fence was cut the tenant told the defendant what he had done. A finding was warranted that the cutting of the fence was done with the defendant’s permission.
There was no evidence that the defendant visited the premises or that she saw the fence after permission was given to cut it and prior to the plaintiff’s injury.
The defendant filed five requests for rulings, as follows:
1. The evidence does not warrant a finding that the defendant was negligent.
2. The evidence does not warrant a finding that the defendant was in control of the premises at the time of the accident.
3. The evidence does not warrant a finding that the defendant was responsible for the existence of any nuisance which may have existed at the time of the accident.
4. The evidence does not warrant a finding that the nuisance had existed for a period of time long enough for the defendant to have known or so that the defendant should have known of it.
5. The evidence does not warrant a finding that any alleged defect had existed for a period of time long *170 enough for the defendant to have known or so the defendant should have known of it.
The trial judge gave the second and third requested rulings and denied “all others”. There was a finding for the plaintiff.
The plaintiff’s declaration is in two counts. The first alleges ownership of the premises by the defendant, permission by her for the cutting of the fence, and such negligent and unskilful performance of the work as constituted a nuisance. The second count sounds in negligence based on the negligent performance of the work of cutting the fence.
The giving of the defendant’s third requested ruling, that the evidence did not warrant a finding that the defendant was responsible for any. nuisance which may have existed at the time of the accident, indicates .that, the trial judge proceeded upon the theory that the defendant was not liable on the ground of nuisance, but was liable on the ground of negligence. This is in keeping with the denial of the defendant’s first requested ruling, that the evidence did not warrant a finding that the defendant was negligent.
The trial judge found, however, that “the defendant Riley rented the entire premises to one Sousa” and that “Sousa with Riley’s permission sublet a portion of the house to the defendant Eliasson”. It was Eliasson who owned the automobile kept on the premises and it was Sousa and Eliasson who “cut out the section of the fence” to make an opening for the entrance and exit of the automobile. . '
There is nothing in the report which sets forth the terms of Sousa’s tenancy, or those of Eliasson’s sub-tenancy, but in the absence of such evidence, “as to the terms of the tease or tenancy it must be assumed that the duty of the *171 landlord was a common law duty”, Bronstein v. Boston & Maine Railroad, 285 Mass. 491, at 495.
In this connection, the second ruling given at the request of the defendant becomes pertinent. “The evidence does not warrant a finding that the defendant was in control of the premises at the time of the accident”. Thus, we have a common law relation between landlord and tenant, in which the landlord was not in control of the premises. Cunningham v. Cambridge Savings Bank, 138 Mass. 480, at 481. Calabresa v. Lynch, 271 Mass. 58, at 60, 61.
“It is undoubtedly a well settled principle of the common law that the occupier and not the landlord is bound, as between himself and the public, so far to keep buildings and other structures abutting upon common highways in repair, that they may be safe for the use of travellers thereon; and that such occupier is prima facie liable to third persons for damages arising from any defect.” Kirby v. Boylston Market Association, 14 Gray 249, at 250, 251. Inhabitants of Oakham v. Holbrook, 11 Cush. 299, at 302. Inhabitants of Milford v. Holbrook, 9 Allen 17, at 21. Clifford v. Atlantic Cotton Mills, 146 Mass. 47, at 48, 49. Frischberg v. Horter, 173 Mass. 22, at 24, 25. Clapp v. Donaldson, 195 Mass. 39, at 40. Maloney v. Hayes, 206 Mass. 1, at 2, 3. Craselli Dyestuff Corp. v. John Campbell & Co., 259 Mass. 103, at 108. Frizzell v. Metropolitan Coal Co., Mass. Adv. Sh. (1937) 1235, at 1236. Shepard v. Worcester County Institution for Savings, Mass. Adv. Sh. (1939) 1647, at 1649. See Restatement of the Law of Torts, Vol. II, Negligence, Sections 364, 365 and 368.
A tenant occupying premises and having, control of them is not the agent of the landlord. Fiske v. Framingham Mfg. Co., 14 Pick. 491, at 494. Liability on the part of the landlord exists only when he retains control. The trial judge, by giving the defendant’s second requested rul *172 ing, ruled that there wag here no evidence sufficient to warrant a finding of such control. The defendant, therefore, was not, responsible for any negligent act of the tenants.
All that the defendant did here was to give permission for the cutting of the fence so as to make an opening for the automobile. This was an act which could have been performed without any improper results. It was not necessary that it should be done so as to create a defect, nor that it should be done negligently. The defendant’s permission can not be construed as covering either of these results. The premises were capable “of being used by the lessee without the creation of such a condition as caused the plaintiff’s injury.” 'Coman v. Alles, 198 Mass. 99, at 102, 103.
“Nor is it a case where the owner or occupant of land contracts for the doing of that which is certain to be attended with injurious consequences, if they are not specially guarded against, and is liable if they are not prevented, no matter by whose fault the omission occurs, * * *.
“It is merely a case where the occupant of premises, having the absolute control over them, and having employed a servant to do certain work about them is liable for the servant’s negligence.” Stewart v. Putnam, 127 Mass. 403, at 406, 407.
For other cases where the tenant of “occupier” of a building has been held liable to passers-by because of defective conditions of the premises see Leonard v. Storer, 115 Mass; 86 (ice and snow falling from a roof). Stewart v. Putnam, 127 Mass. 403 (plaintiff falling into an open coal hole on the sidewalk). Szathmary v. Adams, 166 Mass. 145 (plaintiffinjured by a falling blind). “The defendant (the lessee) as between himself and the public was required to keep the building in such a state of repair that the sidewalk *173 of the adjoining street would be reasonably safe for the plaintiff’s use.” Stefani v. Freshman, 232 Mass. 354 at 357.
The fact that the fence was “old and rotted” is not shown to have been a factor in the case. There is nothing that shows that the moveable section fell for that reason or that it could not have been provided with suitable fastening’s, despite the old and rotted condition.-
There is no evidence that the defendant had actual notice of the defective condition of the fence, nor would it have made any difference if she had had actual notice.
“It is contended by the plaintiff, however, that the defendant as owner of the land abutting on the sidewalk became liable because he ‘allowed the sidewalk adjoining his premises to remain in a defective and dangerous condition’. An owner of land abutting on a sidewalk is not liable for an obstruction there appearing or remaining unless it was caused to be there by him or his agents or by the condition of his land or of structures under his control. A liability of an abutting owner to a person injured by an obstruction in the sidewalk does not arise from the mere fact that he owns adjoining land. He is liable only if he or his agents or his land or the structures maintained by him thereon and within his control create a dangerous or defective condition on the sidewalk. Although there an obstruction on the sidewalk in question which could be found to constitute a nuisance, the defendant was, merely by virtue of his ownership of the adjacent land ‘under no obligation to remove it or to guard against injury by reason of its existence.’ * * * Since the evidence did not warrant the finding that the defendant created the nuisance or that he had control of it or of the place where it existed, he did not become liable to the plaintiff for failure to abate it”. Catmo v. Sorrentim, 288 Mass. 89, at 92.
There being no evidence which would warrant a finding that the defendant was in control of the. premises, as was ruled by the trial judge, there was no evidence which would *174 warrant a finding that the defendant was negligent. It was prejudicial error to deny the1 defendant’s first requested ruling.
The trial judge having ruled, also, that the evidence did not warrant a finding that the defendant was responsible for the existence of any nuisance which may have existed at the time of the accident, nO' ground remains upon which the defendant could be found liable.
The finding for the plaintiff is to be vacated and judgment entered for the defendant.