[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE SECOND COUNT
This is a two-count complaint claiming damages for personal injuries sustained when plaintiff fell from a stairway located at the entrance of the Old Lyme Inn owned and operated by the defendant.
The first count sounds in negligence.
The second count alleges that the dangerous and defective condition of the stairway had a natural tendency to create danger and inflict injury and therefore constituted a nuisance.
Defendants have moved to strike the second count on the ground that it failed to allege sufficient facts to state a claim of either private or public nuisance.
The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of a complaint to state a claim upon which relief can be granted. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). In ruling on a motion to strike, the court is limited to the allegations set forth in the pleading, and those allegations must be construed most favorably to the pleader. Id. The motion to strike must fail if facts provable under the allegations would support a cause of action. Alarm Applications Co v. Simsbury Volunteer Fire Co., 179 Conn. 541,545, 427 A.2d 822 (1980).
Defendants claim that the second count fails to allege the requisite elements for either a private or public nuisance, since plaintiff has failed to allege an interest in land, which CT Page 9769 is necessary for a private nuisance, and failed to allege that he was exercising a public right, which is necessary for a public nuisance. Plaintiff concedes that a private nuisance has not been sufficiently alleged but claims the second count is sufficient to support a claim of public nuisance under Bergman v. Jacob, 125 Conn. 486 (1939).
In order to state a claim of nuisance, the plaintiff must allege that; "(1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; and (4) the existence of the nuisance was a proximate cause of the plaintiff's injuries and damages." State v. Tippetts-Abbett-McCarthy-Stratton, 204 Conn. 177, 183,527 A.2d 688 (1987). Where a public nuisance is alleged, the plaintiff must also prove "that the condition or conduct complained of interfered with a right common to the general public." Doe v. Manheimer,212 Conn. 748, 756 n. 4, 563 A.2d 699 (1989).
In Couture v. Board of Education, 6 Conn. App. 309,314, 505 A.2d 432 (1986) the Appellate Court stated:
 . . ., nuisances are public where they violate public rights, and produce a common injury, and where they constitute an obstruction to public rights, that is, the rights enjoyed by citizens as part of the public. If the annoyance is one that is common to the public generally, than it is a public nuisance . . . . The test is not the number of persons annoyed, but the possibility of annoyance to the public by the invasion of its rights. A public nuisance is one that injures the citizens generally who may be so circumstanced as to come within its influence.
Our Supreme Court has stated:
 One who enters premises at the express or implied invitation of a tenant does not come upon them in the exercise of any public right, but is there by reason of a right extended to him by the tenant, and, if injured, the visitor to the premises cannot base his right to recover upon the existence of a public nuisance.
Webel v. Yale University, 125 Conn. 515, 524-25 (1939). See: Cimino v. Yale University, 638 F. Sup. 952, 954 (D.Conn. CT Page 9770 1986).
We find nothing in Bergman v. Jacob, supra, to sanction the existence of a cause of action for public nuisance when plaintiff has failed to allege that the premises were public property or that he was engaged in the exercise of a public right when he was injured.
Motion to Strike second count granted.
Wagner, J.