[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants move to strike the second and third counts of the plaintiff's complaint, under Practice Book § 152, claiming that these counts are legally deficient. The first count of the complaint alleges that the plaintiff, a tenant in an apartment leased from the defendants, was electrocuted while attempting to turn on a light switch located in the bathroom of the apartment. That count further alleges that the plaintiff's accident and injuries were caused by the defendants' negligent failure to install, properly repair, inspect, or warn of the faulty wiring which generated the electric shock. The second count of the complaint incorporates these allegations and asserts that this negligent conduct constitutes a private nuisance. The third count of the complaint also incorporates these allegations and contends that this conduct is a violation of the Connecticut Unfair Trade Practices Act (CUTPA), G.S. ch. 735a.
 I
The defendants argue that the second count is legally insufficient because a tenant cannot sue a landlord under a CT Page 1702-K nuisance theory for defects purportedly present in the premises leased to the tenant. The court agrees. "No cause of action sounding in nuisance is available to the tenant against his landlord." Bentley v. Dynarski, 150 Conn. 147, 153 (1962). In her brief opposing this motion to strike, the plaintiff cites three Connecticut Supreme Court cases which she submits permit such a cause of action, viz. Calway v. Schaal Sons, Inc.,113 Conn. 586 (1931); Bergman v. Jacob, 125 Conn. 486 (1939); and Swift Co. v. People's Coal Oil Company, 121 Conn. 579 (1936). These cases are inapposite because none involves a tenant suing a landlord under a nuisance claim.
Several trial court decisions have dealt with this issue, however. Some have permitted, nuisance actions by a tenant against a landlord to proceed if the alleged dangerous condition existed in the building or property outside of the tenant's premises and in areas under the control of the landlord, such as common walkways and stairs. See e.g. DiFrisco v. ShawmutMortgage, Superior Court, Waterbury J.D., D.N. 115155 (November 30, 1993); Szpona v. Stasiak, Superior Court, Hartford-New Britain J.D., D.N. CV 92-452914 (July 19, 1993); Fonseca v.CT Page 1702-LLavado, 28 Conn. Sup. N509, 510 (1970); contra Muir v. HousingAuthority, 24 Conn. Sup. 439, 440 (1963).
The second count of the complaint contains no allegation that the defective condition occurred in a common area or other location within the landlord's control. It avers that the dangerous situation existed in the bathroom of the apartment demised to the plaintiff. In the absence of an allegation that the harmful condition was outside the tenant's apartment, the plaintiff cannot proceed in nuisance against the defendants.Bentley v. Dynanski, supra. The motion to strike is granted with respect to the second count.
 II
Addressing the third count of the complaint, the defendants contend that the isolated act of negligence alleged cannot form the basis of the CUTPA violation. The parties' and the court's research discloses no Connecticut appellate decision squarely resolving this issue. There are a number of trial court decisions which hold that an allegation of a single act of misconduct can CT Page 1702-M constitute a valid CUTPA claim.
These cases are Chrysler Credit Corp. v. Berman, Superior Court, J.D. of Litchfield, D.N. 57971 (June 10, 1993); RLG Assoc.Ltd. v. Gardner Peterson, 9 Conn. L. Rptr. 82 (June 7, 1993);Levesque v. Kris Enterprises, 4 Conn. L. Rptr. 107, 108 (May 20, 1991); Metpath, Inc. v. IDS Corp., 3 Conn. L. Rptr. 450, 451 (March 21, 1991); Ransom v. Amerilink, Inc., 3 Conn. L. Rptr. 491
(April 18, 1991); Allison v. Widder, 1 Conn. L. Rptr. 461 (April 30, 1990); Judge v. Housemaster of America, 2 C.S.C.R. 431 (March 9, 1987); Student v. Cardascio, 2 C.S.C.R. 382 (March 3, 1987);CLP Co. v. Paonessa, 2 C.S.C.R. 160 (December 19, 1986); andThompson v. Colasanto, 2 C.S.C.R. 229 (December 8, 1986). The court has reviewed each of these cases and found that these superior court decisions do, indeed, hold that an allegation of a single act of misconduct may be adequate to set forth a valid cause of action for CUTPA liability; however, in each case, with the exception of the two cases discussed below, the pleadings specifically stated that the adverse party had engaged in fraudulent, deceptive, or discriminatory actions. In no case was a CUPTA violation found to be made out sufficiently where a CT Page 1702-N single act of negligence was the basis for the purported violation. Two of the cases cited, CLP V. Paonessa, supra, andThompson v. Colasanto, supra, were silent as to the nature of the misconduct under consideration. In CLP v. Paonessa, supra, the motion to strike was granted because the complaint lacked an allegation that the putative conduct was a deceptive or unfair trade practice or act. In Thompson v. Colasanto, supra, the court observed that not every isolated transaction gives rise to CUTPA liability.
While acts of negligence can be the basis of a legitimate CUTPA claim, those negligent acts must still satisfy the criteria set forth in the "cigarette rule". A-G Foods, Inc. v. PepperidgeFarms, Inc., 216 Conn. 200, 215 (1990). In order to establish that an act or practice is a CUTPA violation the court must determine
 "(1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law or otherwise — whether, in other words, it is CT Page 1702-O within at least the penumbra of some common law, statutory, or other established concept of unfairness;
 (2) whether it is immoral, unethical, oppressive, or unscrupulous;
 (3) whether it causes substantial injury to consumers, competitors or other businessmen." Id.
In that decision, our Supreme Court held that the negligent failure of an employer to uncover employee fraud against a customer fell outside the ambit of the cigarette rule and the conduct proscribed by CUTPA. The employer's negligence, while injurious to me consumer, did not amount to an "immoral, unethical, oppressive, or unscrupulous" practice. Id., 217. The Supreme Court further held that satisfaction of the first prong of the cigarette rule alone is insufficient to support a CUTPA violation when the underlying claim is grounded solely in negligence. Id.
In the present case, the plaintiff charges that the CT Page 1702-P defendants engaged in an unfair trade practice based on a single incident of negligence regarding the electrical wiring serving her bathroom light switch. Negligent acts, in general, are not inherently immoral, unethical, oppressive, or unscrupulous. Negligent conduct sufficient to constitute a CUTPA claim usually involves a negligent misrepresentation; see e.g. Prishwalko v.Bob Thomas Ford, Inc., 33 Conn. App. 575 (1994). A CUTPA claim must be pleaded with enough particularity to allow evaluation of the legal theory upon which it is founded. S.M.S. Textile Mills,Inc. v. Brown Jacobson, Tillinghast, Lahan King, P.C.,32 Conn. App. 786, 797 (1993). Here, the complaint merely asserts facts which, if true, would establish an isolated instance of defective wiring which cannot be earnestly characterized as immoral, unethical, oppressive, or unscrupulous conduct.
In Emlee Equipment Leasing Corp. v. Waterbury Transmission,Inc., 41 Conn. Sup. 575 (1991), the trial court granted a motion to strike a counterclaim alleging a CUTPA violation. The counterclaim centered on a single instance of leasing defective equipment. That court ruled that, although renting out substandard equipment is a breach of contract, in the absence of CT Page 1702-Q some aggravating factor, such a deception or bad faith, no CUTPA liability arises. Id., 580. The lack of an allegation of such aggravating circumstances in the present case leads this court to a similar ruling.
The motion to strike the third count of the complaint is also granted.
Sferrazza, J.