[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a motion for summary judgment filed by defendants Edward and Jacquelyn Benoit. A review of the pleadings and documents submitted by the parties in support of and in opposition to this motion discloses the following material facts about which there is no genuine dispute.
On March 30, 1991, codefendants Richard and Sandra Gove CT Page 5119-A leased a campsite from the Benoits who own the campground, known as Hide-A-Way Cove, upon which the campsite is located. The Goves kept a trailer at the campsite and built a screened-in deck adjacent to the trailer. Access to the deck from ground level was by means of wooden steps also constructed by the Goves and within the leased campsite. The Goves neither sought nor obtained permission to build the deck and steps from the Benoits.
On September 5, 1993, Peter Bedrossian, the plaintiff and brother-in-law of defendant Richard Gove came to visit the Goves at their trailer. The plaintiff had to pay an admission fee to the Benoits to enter the campground in order to proceed to the campsite rented to the Goves. When the plaintiff finished his visit and was descending the steps, he fell and suffered injuries. The plaintiff sues the Goves and the Benoits in negligence alleging that the steps in question were improperly constructed, lacked a safety railing, and lacked a warning of their dangerous condition.
The Benoits move for summary judgment arguing that, because the fall occurred on the premises leased to the Goves and because CT Page 5119-B the allegedly defective steps were constructed and maintained by the Goves, they have no liability for the plaintiff's injuries. The plaintiff contends that, because he paid an admission fee to the Benoits, he was an invitee of the Benoits who thereby owed him an obligation to insure that the steps were reasonably safe for use by him and to warn him of their danger. The court agrees with the defendants.
At common law, a landlord has no obligation to repair defects relative to the demised premises. Panaroni v. Johnson,158 Conn. 92, 97 (1969); White v. Emonds, 38 Conn. App. 175, 181 (1995). An exception to this rule may arise if the landlord retains control over that portion of the premises containing the hazard. Rogersv. Atlantic and Pacific Tea Co., 148 Conn. 104, 106 (1961). Ordinarily a landlord has no liability to an invitee of the tenant, at least where the dangerous condition arose after the premises were leased to the tenant. Bergman v. Jacob,125 Conn. 486, 489 (1930). Where the tenant cannot recover, neither can the invitee of the tenant. Webel v. Yale University, 125 Conn. 515,518 (1939).
Under the present facts no duty of care by the Benoits arose CT Page 5119-C toward the plaintiff because the purportedly hazardous steps were located entirely on the leased campsite and were constructed by the tenant of that campsite. Had the accident occurred in a common area of the campground, a duty of care may have arisen because of the admission fee. But the situation of this case is entirely analogous to one where a guest of a tenant fell and sustained injury because of a defect located inside the trailer. It could not be seriously argued that the owner of the campground would be liable under those circumstances. Because this accident happened entirely on the leased premises and as a result of defective steps constructed and maintained by the tenant, the owner of the campground cannot be liable for the plaintiff's injuries.
The motion for summary judgment in favor of the Benoits is granted.
Sferrazza, J.